Willard C. **BOND**, Appellant,

v.

Cyrus R. **VANCE** et al., Appellees.

No. 17744.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 24, 1963.

Decided Jan. 9, 1964.

Danaher, Circuit Judge, dissented.

Mr. Jo V. Morgan, Jr., Washington, D. C., for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Miss Sylvia A. Bacon, Asst. U. S. Attys., were on the brief, for appellees.

Before WASHINGTON, DANAHER and WRIGHT, Circuit Judges.

PER CURIAM.

This is a civil service case, brought by plaintiff-appellant in the District Court in an effort to obtain reinstatement. He is entitled to the benefits of the Veterans Preference Act of 1944, 66 Stat. 626, 5 U.S.C. §§ 851 et seq.

Appellant was absent from his work for some weeks beginning February 26, 1959. By letter of April 27, 1959, he was advised by his employer, the Department of the Army, "If you fail to return to duty on or before 11 May 1959, such failure will be considered as abandonment of your position and your separa-

tion will be recorded as such." Appellant failed to answer this letter and failed to report. He was declared "separated" as of May 10th.

Under the applicable regulations, an employee is to be "separated" where, as here, being absent without leave, he fails to disclose his intentions with respect to returning to duty. Also under the regulations, however, separation is not discharge, and a career employee who has been "separated" shall be restored to duty on request and appropriate disciplinary action taken against him thereafter. Appellant was restored as required by the regulations and discharged, pursuant to the disciplinary action taken thereafter, for unauthorized absence from duty from February 26, 1959, to August 17, 1959.

The Civil Service Commission Board of Appeals and Review held that the employer's notice to appellant to return by May 11th in effect granted him leave until that time, but that there was no authorization whatever for his absence subsequent thereto. The fact that appellant was restored after his separation did not absolve him of responsibility for unauthorized absence after May 10th, according to the Board.

■ We agree with the Board's finding that there was a period of unauthorized absence, but under the evidence we would limit that period to from May 10 to June 10. On June 10 appellant wrote the Commission protesting his employer's action and stating he did not abandon his job. This protest was treated as a request for restoration under the regulations, and appellant was advised by his superior to report back to work on August 17. Thus, from June 10 to August 17 appellant was off duty with the consent of his employer and, consequently, this period cannot serve as a basis for his discharge.

■■ Since all the original basis for appellant's discharge has now been reduced to the one-month period of unauthorized absence from May 10 to June 10, the matter should be remanded for reconsideration by the agency of the disciplinary penalty imposed. The familiar *Chenery* rule, that we judge the propriety of agency action "solely by the grounds invoked by the agency,"[1] applies to the factual grounds as well as the legal grounds. Not only must the "ultimate findings * * * flow rationally from the basic findings" of fact, but the "basic findings [must also be] *supported by evidence.*" Capital Transit Co. v. Public Utilities Commission, 93 U.S.App.D.C. 194, 205, 213 F.2d 176, 187 (1953), cert. denied, 348 U.S. 816, 75 S.Ct. 25, 99 L.Ed. 643 (1954). Since here a significant part of the factual foundation of the Commission's decision cannot stand, the conclusions drawn therefrom must be reconsidered.

■ For these reasons, the record will be remanded to the District Court with directions to carry out the order of this court. Jurisdiction will be retained to dispose of the appeal, when the record is returned. See Beck v. Federal Land Bank of Houston, 8 Cir., 146 F.2d 623 (1945); Twin City Milk Producers' Ass'n v. McNutt, 8 Cir., 122 F.2d 564 (1941).

So ordered.

DANAHER, Circuit Judge (dissenting).

Bond was a construction supervisor employed by the Army Corps of Engineers. He was separated from the service as of September 21, 1959 after repeated and prolonged absences at the peak of the construction season. Even after he had been warned to report by a given date, he simply wrote on July 1, 1959, that he must travel from Virginia to

---

1. Securities and Exchange Comm'n v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); see also Securities and Exchange Comm'n v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

California and then would require an indefinite time within which to locate a place to live. It would seem entirely reasonable for his superiors to conclude that he had put his own interests ahead of those of the service.

Thereafter, when he appealed from the separation order, he was accorded complete administrative reveiw.

This court should affirm the District Court's order which granted the Government's motion for summary judgment.[1]

1. Judge McLaughlin's memorandum opinion properly points out that apart from all other considerations, it would seem that this claim comes within United States ex rel. Arant, v. Lane, 249 U.S. 367, 372, 39 S.Ct. 293, 63 L.Ed. 650 (1919), because of appellant's delay of 18 months in bringing his action in the District Court.