**Arthur R. GRIMM, Plaintiff,**

v.

**Harold BROWN, Secretary of the Air Force, et al., Defendants.**

**Civ. No. 44382.**

United States District Court
N. D. California.

Oct. 30, 1968.

Nathan S. Smith, James G. Seely, Jr., San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

HARRIS, Chief Judge.

Plaintiff, Arthur R. Grimm, and defendants have filed herein motions for

summary judgment wherein the legal issues before the Court are posed.

The factual background is substantially as follows:

Plaintiff, an enlisted man, was transferred to the Air Force on September 26, 1947. His progress through the enlisted ranks was satisfactory. After attending Officers' Candidate training he was commissioned a Second Lieutenant on December 9, 1955. Upon completion of Primary Pilot Training and basic Multi-engine Pilot Training, plaintiff was designated a Pilot effective February 21, 1957. He was assigned duties as Pilot on B47 and B52 aircraft. He has considerable time logged in military aircraft.

Plaintiff served with distinction and honor in various theatres of operation and received numerous awards and recognitions.

In November 1962 after serving approximately seventeen years, plaintiff was charged under the Uniform Code of Military Justice with failing to pay his debts and making a false official statement regarding an alleged debt to Rice Acceptance Corporation. Plaintiff requested a court martial. An investigation of the charges was dismissed, based upon the insufficiency of the evidence.[1]

In May, 1963, plaintiff was notified of proceedings against him under Air Force Regulations 36–2 for elimination from the Air Force. The foregoing charges were renewed and to these were added charges of mismanagement of personal affairs, marginal service and commission of a security violation.

The case was presented to a Board of Inquiry. The Board found him guilty as charged on all counts, except the alleged false official statement. It was recommended that plaintiff be discharged; the Secretary of the Air Force, acting on the recommendation, discharged the plaintiff.

It appears that all administrative remedies have been exhausted.

Plaintiff seeks in this proceeding a declaration that the proceedings of the Board of Inquiry and the order of the Secretary of the Air Force, which resulted in his discharge, be declared null and void.

Plaintiff has moved for summary judgment on the ground and for the reason that the Air Force violated its regulations in failing to give plaintiff an unclassified summary of a certain OSI report;[2] that the result of such violation was to deprive plaintiff of a fair hearing on the vital issue of a security violation. Accordingly, it is argued, the resulting discharge is null and void.

Defendants contend that the OSI investigation was not an issue in the case. Furthermore, even if the OSI report were in some way relevant, plaintiff was not prejudiced by the failure of the Air Force to provide him with a copy.

Although plaintiff demanded both before and during the progress of the hearing before the Board an unclassified summary of the OSI report which formed the basis of the security charge against him, nevertheless defendants failed, refused and neglected to provide him with this vital material. It was not until the appellate stages had been reached that the information was provided. No reason or excuse was assigned why the information was not provided earlier.

---

1. Colonel Lightner concluded in a fitness report that "plaintiff is a young, energetic individual who possesses no bad personal habits" and his financial problems were due to the fact that "his heart was bigger than his pocketbook." (Tr. p. 196)

2. The Office of Special Investigations, United States Air Force, conducted an investigation of an alleged security violation which occurred in January, 1961. This investigation resulted in a report which contained classified information. (OSI report) AFR 36–2 § 11.c (see note 3, infra) provides that such a report is to be summarized and provided to respondent. It is this unclassified summary which the Air Force failed to provide upon request.

## FINDINGS OF FACT

The findings of the Board are set forth *in extenso*. (Exhibit 9, p. 536) Inexorably interwoven in the specific findings regarding the depressed financial condition of the plaintiff may be found the following specific finding regarding the security aspect:

"3. Captain Arthur R. Grimm. AO 3 009 176, has failed to demonstrate acceptable qualities of leadership required of an officer of his grade in that on or about January 1961, date unknown, at Atwater, California, he did wrongfully engage in an unauthorized discussion of unspecified classified subjects with a person or persons unknown resulting in an OSI investigation, temporary loss of his security clearance, and an administrative reprimand from his Squadron Commander." (Exhibit 9, p. 538)

No comment should be necessary regarding the gravity of this finding. Plaintiff contends that the issue was injected into the controversy in order to bolster an otherwise weak cause. Plaintiff further contends that he was not prepared or permitted to offer evidence on his own behalf in combating the charge.

Defendants concede that, although there may be some irregularity, plaintiff was not prejudiced and that the evidence was replete in support of the issues regarding the failure on the part of plaintiff to pay his debts.

It is fairly inferable that the Board's recommendation was not predicated solely upon plaintiff's failure to pay his debts. The recommendation was based upon the collective findings. The asserted security violation represented a charge of considerable gravity and necessarily had a persuasive effect upon the members of the Board.

This Court after a careful review of the record, is in substantial doubt as to whether the defendants would have made the same ultimate decision, with the erroneous and unsupported finding removed from consideration.

The finding that plaintiff had committed a security violation rests entirely upon the written reprimand of Colonel James and the OSI report.

It may be observed that the obsolete reprimand did not support or otherwise give credence to the essential charge that plaintiff had an unauthorized discussion with an unnamed person. Further, the use of the obsolete administrative reprimand against plaintiff was an express violation of the Air Force regulations. (Exhibit 10, p. 543)

Said regulations require that a written reprimand be destroyed after an efficiency or effectiveness report has been made covering the period in which the reprimand is assertedly given. Such report was made on January 4, 1962, concerning plaintiff.

Thus, plaintiff was deprived of an opportunity to confront witnesses, if any, against him on the security charge, as well as the failure on the part of defendants to furnish him with an unclassified summary of the OSI report.[3]

---

3. Where classified reports of the OSI are involved, AFR 36–2 § 11.c explicitly requires that the respondent be furnished with an unclassified summary of such report together with copies of all unclassified documents supporting the report.*

  \* AFR 36–2 § 11.c is set forth in full: c. *Instructions When Classified Reports of OSI Are Involved.* AFRs 124–1 and 205–6 prohibit making classified reports of the OSI available to subjects in connection with proceedings under this regulation. These reports with inclosures thereto will be summarized and submitted to the OSI district commander servicing that area who must co-ordinate before the unclassified summary is distributed. This summary, with photostatic or certified true copies of pertinent unclassified statements or other documents attached to OSI reports supporting the OSI summary, will be included in all copies of the documentation. The initiating officer will also attach the OSI reports to the copy of recommendation forwarded to the major air commander. The commander exercising general court-martial jurisdiction will prepare

*Was Plaintiff Deprived of a Fair
and Impartial Hearing?*

Defendant virtually concedes that procedural error and irregularity exist with respect to finding No. 3, and that there was a lack of substantial evidence in support thereof. However, it is argued that "There is not the slightest reason to infer that without finding 3, the Board of Inquiry and the Secretary of the Air Force would not have reached the same decision."

■ The gravity and farreaching probative effect of finding 3 is perfectly apparent. Prejudice is manifest from the record, when read in association with the other findings.

Defendants' arguments and assumptions, including bland assertions that in some fashion the security violation is now irrelevant to the Board's decision and not substantial, is not persuasive considered in the light of the full context of the record before the court.

The stigma with lifetime consequences, resulting from the very nature of finding 3 is such that it far outweighs the other charges in probative impact.

As already observed, the Air Force violated its own clear and explicit regulations requiring it to give plaintiff a summation of the classified OSI reports, together with copies of pertinent unclassified statements on other documents attached to the OSI.

Plaintiff, in effect, was never permitted to learn the specification of the charges against him on the asserted security violation, the witnesses against him, and the nature of their testimony. He was thoroughly and effectively prevented from preparing an appropriate defense.

■ In administrative hearings the primary concern of the courts has been to guarantee the element of fairness which is involved in a full disclosure of charges and adverse statements with the

identification of the sources, so that the accused may effectively prepare an adequate defense. Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377; Brown v. Gamage, 126 U.S.App.D.C. 269, 377 F.2d 154.

The Board's findings were collective and finding No. 3 (the security violation) is so interwoven with the other findings that it is impossible to segregate the same so as to work out a curative formula.

The manifest error and admitted irregularity concerning said findings are of such pervasive effect as to render the totality of the findings and recommendation invalid. Roberts v. Vance, D.C., 343 F.2d 236; Conn v. United States, Ct.Cl., 376 F.2d 878. In the well-considered case of Powhatan Mining Co. v. Ickes (6th Cir. 1941), 118 F.2d 105, the Court said, in part:

"One who has been denied access to information or deprived of the privilege of cross-examination on pertinent matters is not in a position to make an offer of proof as to those matters. Likewise, a reviewing court cannot know what a full hearing might have shown and for that reason is not free to speculate as to the prejudice involved in such an erroneous ruling."

Recent cases indicate the continuing vitality of Powhatan Mining Co. v. Ickes, supra. Brede v. United States, 396 F.2d 155 (9th Cir.1968); Oshatz v. United States, 404 F.2d 9 (9th Cir. September 25, 1968); Braniff Airways, Inc. v. C. A. B., 379 F.2d 453, 465 (D.C. Cir. 1967)

Defendants would have us ignore finding 3 and hold that the Board would have ordered plaintiff discharged based on the other findings. That we cannot do.

As Mr. Justice Frankfurter noted in S. E. C. v. Chenery Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943):

"The grounds upon which an administrative order must be judged are those

the unclassified summary of the OSI report as required by this paragraph. He will forward a copy of this· summary with the case file and furnish

a copy to the commander initiating the action for inclusion with the letter of notification to the respondent. ♠

upon which the record discloses that its action was based.

"In confining our review to a judgment upon the validity of the grounds upon which the Commission itself based its action, we do not disturb the settled rule that, in reviewing the decision of a lower court, it must be affirmed if the result is correct 'although the lower court relied upon a wrong ground or gave a wrong reason.' Helvering v. Gowran, 302 U.S. 238, 245 [58 S.Ct. 154, 82 L.Ed. 224]. The reason for this rule is obvious. It would be wasteful to send a case back to a lower court to reinstate a decision which it had already made but which the appellate court concluded should properly be based on another ground within the power of the appellate court to formulate. But it is also familiar appellate procedure that where the correctness of the lower court's decision depends upon a determination of fact which only a jury could make but which has not been made, the appellate court cannot take the place of the jury. Like considerations govern review of administrative orders. If an order is valid only as a determination of policy or judgment which the agency alone is authorized to make and which it has not made, a judicial judgment cannot be made to do service for an administrative judgment. For purposes of affirming no less than reversing its orders, an appellate court cannot intrude upon the domain which Congress has exclusively entrusted to an administrative agency." (p. 87, 63 S.Ct. p. 459)

See, also, Phelps Dodge Corp. v. Labor Board, 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1940).

Thus, having found that plaintiff was denied a fair and impartial hearing, the Court concludes that

(a) plaintiff's motion for summary judgment be, and the same hereby is, granted;

(b) the order discharging plaintiff and eliminating him from the Air Force is vacated and declared null and void;

(c) plaintiff be restored to the rank which he held prior to his discharge and be granted the emoluments of said office.

In plaintiff's closing memorandum an affidavit of plaintiff was improperly included. Under the circumstances, it is not properly before the Court at this time and, accordingly, is stricken from the record.