**SIANG KEN WANG, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 22618.**

United States Court of Appeals
Ninth Circuit.

June 24, 1969.

Joseph S. Hertogs, (argued), of Jackson & Hertogs, San Francisco, Cal., for petitioner.

David R. Urdan (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., San Francisco, Cal., John N. Mitchell, Atty. Gen., Washington, D. C., Joseph Sureck, Regional Counsel, San Pedro, Cal., for respondent.

Before CHAMBERS, POPE [1] and MERRILL, Circuit Judges.

CHAMBERS, Circuit Judge:

Siang Ken Wang petitions this court for review of a deportation order of the

---

1. The late Circuit Judge Walter L. Pope participated in the oral arguments of this case.

Immigration and Naturalization Service. He says the Board of Immigration Appeals abused its discretion by denying him suspension of deportation in part because he entered this country as a crewman. We agree.

Petitioner was first found deportable in 1955. He did not appeal the holding that he had remained in this country more than the 29 days allowed him as a member of the crew of a foreign ship. 8 U.S.C. § 1282(a). He has been in this country continuously since 1954. The first order to report for deportation is dated 1965. Upon receiving this order, petitioner disappeared.

In 1967, petitioner successfully obtained a reopening of his deportation case. The special inquiry officer of the service found petitioner eligible for suspension of deportation. In the exercise of discretion, the special inquiry officer recommended that suspension. The Board of Immigration Appeals reversed, holding that discretionary suspension should not be granted, even though petitioner was eligible for it under 8 U.S.C. § 1254 (a) (1). The board said:

> "Respondent has established eligibility for suspension of deportation; however, we shall deny relief as a discretionary matter. A close question is presented, but the respondent's lack of close family ties in the United States, his relatively short period of residence, the fact that he entered as a seaman, and his absconding after he has been ordered to report—these factors taken together—militate against the grant of relief."

Since the service admits that petitioner is eligible for suspension of deportation, the only issue is whether the grounds cited by the Board of Immigration Appeals may support its discretionary denial of relief.

Until 1965, § 244(f) of the Immigration and Nationality Act (8 U.S.C. § 1254(f)) precluded aliens entering as crewmen from obtaining suspension of deportation. P.L. 87–885, § 4; 76 Stat. 1247. In that year, however, Congress limited the prohibition to aliens entering as crewmen "subsequent to June 30, 1964." 8 U.S.C. § 1254(f); P.L. 89–236, § 12(b); 79 Stat. 918. This provision has not been changed since that time.

The scanty legislative history shows that the purpose of the amendment was that, for eligible crewmen (entering before July 1, 1964), "no distinction should be made in the treatment of aliens because of their manner of entry where they meet the other conditions which would qualify them for that form of discretionary relief." Sen. Rep. #748, 89th Cong., 1st Sess.; 1965 U.S.Cong. & Ad.News pp. 3328, 3339. Therefore, by considering as relevant the manner of petitioner's 1954 entry into this country, the Board of Immigration Appeals applied a standard contrary to the clearly enunciated policy of Congress.

Since the board's decision was based upon the summation of four factors, one of which was improperly considered, this is a proper case for remand for reconsideration by the board. As this court recently held, "[b]ecause the Board's decision may have been infected by the application of these three erroneous legal standards, the Board's order must be vacated." Kovac v. Immigration & Naturalization Service, 9 Cir., 407 F.2d 102, 107. We cannot determine that the board would have denied discretionary relief had it not considered, in part, the method by which petitioner entered this country.[2]

The order of the board is vacated and the case remanded for further proceedings.

MERRILL, Circuit Judge, concurs in foregoing opinion.

2. This disposition makes it unnecessary to consider petitioner's second claim, for the board may now grant suspension of deportation in what it called this "close" case.