Arthur R. GRIMM, Appellee,

v.

Harold BROWN, Secretary of the Air Force, et al., Appellants.

No. 24381.

United States Court of Appeals, Ninth Circuit.

Aug. 30, 1971.

Michael C. Farrar (argued), Alan S. Rosenthal, Dept. of Justice, Washington, D. C., for appellants.

Nathan S. Smith (argued), James G. Seely, Jr., San Francisco, Cal., for appellee.

Before BROWNING and CARTER, Circuit Judges, and GRAY,* District Judge:

WILLIAM P. GRAY, District Judge:

The appellee, Arthur R. Grimm, was a Captain in the Air Force. He was administratively discharged in 1963 after approximately seventeen years of military service. His discharge followed the recommendation of a board of inquiry that considered four misconduct charges lodged against Grimm to be well-founded.

After exhausting his administrative remedies, the appellee brought an action in the district court to set aside his discharge. Thereafter, both parties filed motions for summary judgment based on the administrative record. The district court, 291 F.Supp. 1011, granted the appellee's motion and entered judgment voiding the discharge and ordering the appellee's reinstatement in the Air Force, effective from the date of discharge.

The appropriateness of the district court's order is at issue on this appeal. The appellants contend that it was error to invalidate the discharge and order reinstatement of the appellee instead of remanding the matter to the Air Force for reconsideration. The appellants argue that such remand was required, because the district court did not disapprove all four of the charges on which the discharge was based, and that the Air Force should be given the opportunity to determine whether the remaining, concededly valid charges constitute a sufficient basis for discharge. We are unable to accept the appellants' contention, and we affirm the judgment below.

■ One of the four charges against Grimm, which the district court deemed to be the most serious, pertained to an alleged violation of national security. The district court found that this charge was not supported by substantial evidence and that the Air Force had violated its own procedural regulations in the prosecution of that charge. Additionally, the district court ruled that the gravity of the security charge permeated the board's consideration of the other charges to the point that "the Board's findings were collective and finding No. 3 (the security violation) is so interwoven with the other findings that it is impossible to segregate the same so as to work out a curative formula." The district court further stated that "[t]he manifest error and admitted irregularity concerning said findings are of such pervasive effect as to render the totality of the findings and recommendation invalid." Therefore, it is apparent that the district court did not merely determine that a single charge was defective, but specifically found that the appellee was denied "a fair and impartial hearing" on all of the charges due to error with respect to the security charge.

Consequently, this is not a case in which some of the findings, but not others, were found to be defective and remand was therefore deemed appropriate, such as Siang Ken Wang v. Immigration & Naturalization Service, 413 F.2d 286 (9th Cir. 1969), Meehan v. Macy, 129 U.S.App.D.C. 217, 392 F.2d 822 (1968), or Bond v. Vance, 117 U.S.App.D.C. 203, 327 F.2d 901 (1964). For example, the court in Meehan stated that it was remanding the matter for further consideration by the agency because it was "* * * unclear whether the three charges [one of which had been invalidated] were deemed by the agency and the Civil Service Commission to constitute separate or cumulative grounds for discharge." 392 F.2d at 839. Therefore, the case was returned to the agency for further proceedings. In the instant case, we have accepted the district court's conclusion that the findings of the board were collective and the charges inextricably interwoven. Thus, the denial of a fair hearing infected all

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.

of the charges and there are no findings that survive for remand.

■ The appellants also urge that remand is necessary because determination of the standards for discharge lies within the discretion and expertise of the military, and the judiciary should not arrogate that responsibility to itself. However, the district court did not undertake to decide which, if any, of the four charges, or combinations thereof, constituted a sufficient basis for the appellee's discharge. The Air Force is still free to make that determination after affording the appellee a fair hearing on all of the charges. For this reason, there is no judicial interference with agency discretion.

In this respect, the appellants' reliance on Van Bourg v. Nitze, 128 U.S.App.D. C. 301, 388 F.2d 557 (1967) is misplaced. In that case, remand was ordered to permit the military to decide an issue within its peculiar competence and discretion. However, no prejudice resulted to the appellee in *Van Bourg* by remand since the determination to be made by the military involved only the character of the discharge and not its validity as in this case.

The appellee is entitled to all of the emoluments of his position as an Air Force officer until he is validly discharged after a fair and impartial hearing.

The judgment of the district court is affirmed.

JAMES M. CARTER, Circuit Judge (dissenting).

I would reverse.

The majority accepts the district court's conclusion that the findings of the board were collective and the charges were inextricably woven together. It concludes that Grimm was therefore denied a fair and impartial hearing on all of the charges due to an error with respect to the security charge. The record does not support their position.

The Board of Inquiry made four findings of misconduct. The first two of these findings relate solely to Captain Grimm's history of financial irresponsibility and in no way to security matters. The third finding, involving the security violation, is distinctly set out. The board found that Grimm had wrongfully engaged in an unauthorized discussion of classified subjects on or about January, 1961. A fourth finding stated that Grimm had displayed a record of marginal service without any mention of the security matter. Thus three of the findings are distinct from the finding as to the security incident. We do not have "inextricably interwoven" charges. No attack was made in the district court on these three findings, and there was no evidence submitted to the court on which the findings could have been held invalid.

Grimm was represented by both military and civilian counsel at the hearing before the Board of Inquiry. We should not presume that he was denied a fair and impartial hearing without further support, and on the basis of sheer speculation. Even in a criminal case, it is a rarity for a court to find that error as to one count infects convictions on other counts. The record here does not suggest that the security charge permeated the board's consideration of the other charges. The security violation was apparently minor in scope. The record indicated that Grimm was promoted to Captain only one month after the incident. At the time of the discharge proceedings, his commander's recommendation that Grimm be discharged did not even take it into account. The charge was added later, more than likely, as a make-weight.

Rather than overturning the Board of Inquiry's lengthy proceedings and requiring the initiation of new proceedings eight years later, this court should follow the course of Meehan v. Macy, 129 U.S.App.D.C. 217, 392 F.2d 822 (1968). That court was faced with the same problem we face here. An agency

had based an employee's discharge on three grounds, two of which were held to be invalid. The court held that since it did not know whether a finding on the remaining charge would have resulted in a discharge, the matter should be remanded to the agency for their decision as to whether discharge would still be appropriate. *Id.* at 839. *Cf.* Siang Ken Wang v. Immigration & Naturalization Service, 413 F.2d 286 (9th Cir. 1969).

Such a course is consonant with the limited role we occupy in our review of administrative determinations. It is an established principle of Administrative Law that in reviewing an administrative order, the court should not, either for the purpose of affirming or reversing the agency action, make a determination of policy or judgment which the agency alone is authorized to make and which it has not done. Securities and Exchange Commission v. Chenery Corp., 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943); American Trucking Associations Incorporated v. United States, 364 U.S. 1, 15–17, 80 S.Ct. 1570, 4 L.Ed.2d 527 (1960). As Justice Douglas stated, "[T]he guiding principle [in the review of an administrative decision] is that the function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the agency for reconsideration." Federal Power Commission v. Idaho Power Co., 344 U.S. 17, 20, 73 S.Ct. 85, 87, 97 L.Ed. 15 (1952). *See* Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 145, 60 S.Ct. 437, 84 L.Ed. 656 (1940). *See generally* Jaffe, Judicial Control of Administrative Action 713–20 (1965).

By that principle the district court should have done no more than remand the case to the Air Force for further proceedings consistent with the invalidation of the security violation charge. The Air Force Personnel Board and the Secretary, could then determine what penalty, if any, would be imposed, based on the three valid findings of the Board of Inquiry. To set aside an Air Force discharge, and the valid findings upon which that discharge was grounded after a fair and impartial hearing, amounts to no less than an usurpation of the discretion resting in the Air Force.