WALLACE, Circuit Judge,
concurring:
I agree with the majority that this case must be affirmed; however, I reach this conclusion through different analysis and, therefore, I concur in the result only.
The parties have brought to us the question whether the Board of Immigration Appeals is permitted to apply its own definition of “persecution” or is required to adopt our more expansive reading of that term suggested by the Kovac dicta. The majority avoids resolving this question by asserting that Moghanian would not prevail under either standard. In my view, the Kovac language is sufficiently expansive that if we were to impose that standard on the Board, we would be required to remand this matter for the Board’s reconsideration. See, e. g., Griffis v. Weinberger, 509 F.2d 837, 838-39 (9th Cir. 1975) (Social Security Hearing Officer’s decision reversed and re *143 manded because he applied “an improper legal standard”); Siang Ken Wang v. INS, 413 F.2d 286, 287 (9th Cir. 1969) (INS case remanded because Board of Immigration Appeals applied “erroneous legal standards”). I therefore disagree with the majority’s assertion that to decide whether the Board may apply its own standard, or must apply a standard based on the Kovac dictum would amount to “an advisory opinion.”
In my view, the resolution of the central issue here is clear from the text of the statute. 8 U.S.C. § 1253(h) states:
The Attorney General is authorized to withhold deportation of any alien within the United states to any country in which in his opinion the alien would be subject to persecution . .
This language unequivocally dictates that the determination whether an alien will be subject to persecution is committed to the Executive’s sound discretion. This express congressional mandate contemplates that the Executive shall have discretion to determine not only whether an alien, if deported, would be subjected to certain acts, but also whether those acts constitute persecution. I believe this to be the unstated premise of our prior decisions. See Pereira-Diaz v. INS, 551 F.2d 1149, 1154 (9th Cir. 1977); Narlidis v. Sewell, 524 F.2d 371, 376 (9th Cir. 1975); see also Paul v. INS, 521 F.2d 194, 197 (5th Cir. 1975); Shkukani v. INS, 435 F.2d 1378, 1380 (8th Cir.), cert. denied, 403 U.S. 920, 91 S.Ct. 2237, 29 L.Ed.2d 698 (1971).
The standard for determining persecution which the Board articulated in Dunar and employed here is not an abuse of discretion. The Board did not abuse its discretion in determining that Moghanian’s assertions did not meet that standard. On that basis, I would affirm.