577 F.2d 141
 Behrooz MOGHANIAN, Petitioner,
v.
UNITED STATES DEPARTMENT OF JUSTICE, BOARD OF IMMIGRATION
APPEALS, Respondent.
 No. 75-1440.
 United States Court of Appeals, Ninth Circuit.
 June 19, 1978.
 
 Jay Zybelman of Zybelman & Paluso, San Diego, Cal., for petitioner.
 Jean Gentry Lujan (argued), Dept. of Justice, Washington, D. C., for respondent.
 Petition for Review of a Decision of the Board of Immigration Appeals.
 Before GOODWIN, WALLACE and HUG, Circuit Judges.
 GOODWIN, Circuit Judge:
 
 
 1
 Moghanian is an Iranian student who came to this country in 1973 to go to school. He attended school, but for reasons not directly relevant here he did not attend the school designated in his application for his student visa. Upon learning of the discrepancy, the Immigration and Naturalization Service revoked his student visa and moved to deport him. Moghanian sought to prevent deportation under § 243(h) of the Immigration Act, 8 U.S.C. § 1253(h),[1] on the ground that as a Jew he would be subject to persecution in predominantly Moslem Iran. The immigration hearing officer and the Board of Immigration Appeals denied his claim, and he appeals to this court.
 
 
 2
 The primary issue tendered by the parties is whether the hearing officer and the Board applied the proper legal standard in rejecting Moghanian's claim of persecution, and, if not, whether a remand is necessary for a new determination.
 
 
 3
 The standard the agency articulated was whether Moghanian showed that "his life or freedom would be threatened in Iran on account of his race, religion, nationality, membership in a particular social group, or political opinion." The Board selected the quoted language from its own decision in Matter of Dunar, Interim Decision 2192 (1973).
 
 
 4
 This court, in Kovac v. Immigration and Naturalization Service, 407 F.2d 102 (9th Cir. 1969), defined persecution under § 243(h) as "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." 407 F.2d at 107. Kovac was a merchant sailor whose ship had sailed without him. He tried to claim political asylum under § 243(h).
 
 
 5
 The government now urges us to place our imprimatur on the Dunar language, and presumably to back away from the more lenient definition of "persecution" found in Kovac. This we decline to do. Kovac was a well-reasoned decision which we have no basis for re-examining at this time.
 
 
 6
 While the parties may desire an advisory opinion, we have concluded that the record in this case does not warrant a remand, and, accordingly, there is no basis for extended dicta about the standard to apply in the event a remand were to be ordered.
 
 
 7
 This case is very close on its facts to Pereira-Diaz v. Immigration and Naturalization Service, 551 F.2d 1149, 1154 (9th Cir. 1977). There we held that the petitioner's undocumented claim amounted to nothing more than a statement of his opinion that he might be persecuted. We found no abuse of discretion.
 
 
 8
 Here, the petitioner has laid before the Immigration hearing officer nothing more than his undocumented claim that when he was a child other children were rude to him and that as a member of a religious minority he is apprehensive of ill treatment in his native land. In this case, it is as clear as it was in Pereira-Diaz that, whatever standard the agency purported to follow, no abuse of discretion has been demonstrated.
 
 
 9
 Congress has committed to the executive (the Attorney General) a discretion which is subject to very narrow judicial review. Khalil v. District Director, Immigration and Naturalization Service, 457 F.2d 1276 (9th Cir. 1972).
 
 
 10
 As we pointed out in Kovac, this court has the duty to see that the agency employs a correct legal standard, but it is necessary to reverse an agency decision only when it appears that the standard applied was both incorrect as a matter of law and that the rights of the petitioner were adversely affected by that application. Here there is no need to dissect the agency's statement of its standard, because there is no reason to believe that Moghanian's claim would activate executive discretion in his favor under the most liberal reading of the Kovac case.
 
 
 11
 Affirmed.
 
 WALLACE, Circuit Judge, concurring:
 
 12
 I agree with the majority that this case must be affirmed; however, I reach this conclusion through different analysis and, therefore, I concur in the result only.
 
 
 13
 The parties have brought to us the question whether the Board of Immigration Appeals is permitted to apply its own definition of "persecution" or is required to adopt our more expansive reading of that term suggested by the Kovac dicta. The majority avoids resolving this question by asserting that Moghanian would not prevail under either standard. In my view, the Kovac language is sufficiently expansive that if we were to impose that standard on the Board, we would be required to remand this matter for the Board's reconsideration. See, e. g., Griffis v. Weinberger, 509 F.2d 837, 838-39 (9th Cir. 1975) (Social Security Hearing Officer's decision reversed and remanded because he applied "an improper legal standard"); Siang Ken Wang v. INS, 413 F.2d 286, 287 (9th Cir. 1969) (INS case remanded because Board of Immigration Appeals applied "erroneous legal standards"). I therefore disagree with the majority's assertion that to decide whether the Board may apply its own standard, or must apply a standard based on the Kovac dictum would amount to "an advisory opinion."
 
 
 14
 In my view, the resolution of the central issue here is clear from the text of the statute. 8 U.S.C. § 1253(h) states:
 
 
 15
 The Attorney General is authorized to withhold deportation of any alien within the United states to any country in which in his opinion the alien would be subject to persecution . . . .
 
 
 16
 This language unequivocally dictates that the determination whether an alien will be subject to persecution is committed to the Executive's sound discretion. This express congressional mandate contemplates that the Executive shall have discretion to determine not only whether an alien, if deported, would be subjected to certain acts, but also whether those acts constitute persecution. I believe this to be the unstated premise of our prior decisions. See Pereira-Diaz v. INS, 551 F.2d 1149, 1154 (9th Cir. 1977); Narlidis v. Sewell, 524 F.2d 371, 376 (9th Cir. 1975); see also Paul v. INS, 521 F.2d 194, 197 (5th Cir. 1975); Shkukani v. INS, 435 F.2d 1378, 1380 (8th Cir.), cert. denied, 403 U.S. 920, 91 S.Ct. 2237, 29 L.Ed.2d 698 (1971).
 
 
 17
 The standard for determining persecution which the Board articulated in Dunar and employed here is not an abuse of discretion. The Board did not abuse its discretion in determining that Moghanian's assertions did not meet that standard. On that basis, I would affirm.
 
 
 
 [1]
 "(h) Withholding of deportation
 The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason. (June 27, 1952, ch. 477, title II, ch. 5, § 243, 66 Stat. 214; Oct. 3, 1965, Pub.L. 89-236, § 11(f), 79 Stat. 918.)"