**GOON WING WAH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 6962.

United States Court of Appeals
First Circuit.

Dec. 14, 1967.

McENTEE, Circuit Judge.

In this proceeding petitioner, a deportable alien, seeks review of an Immigration Appeals Board order denying him suspension of deportation. Petitioner, a native and citizen of China, entered the United States illegally in May 1959 with the intention of permanently remaining here. In April 1964 after a hearing before a special inquiry officer on deportation charges, he declined the privilege of voluntary departure and was ordered deported. He did not appeal this order but through a series of dilatory tactics has managed to remain in this country.

In August 1966 shortly after attaining the seven years continuous residence required for suspension of deportation, petitioner obtained the Board's permission to reopen his case and filed the instant application under 8 U.S.C. § 1254 (a) (1). Briefly, this statute provides that the Attorney General may, in his discretion, suspend the deportation of an alien who in addition to meeting the residence requirement above stated, is a person of good moral character and whose deportation would result in extreme hardship to him or to certain close relatives. On the evidence adduced at the reopened hearing, the special inquiry officer denied this application on the alternate grounds (1) that petitioner is statutorily ineligible because he did not show that his deportation would result in extreme hardship to him and (2) that even if he were eligible, on the basis of the entire record his application would be denied as a matter of discretion.[1] The Board of Immigration Appeals concurred in the latter finding and dismissed the appeal.[2] This petition for review followed.

Joseph F. O'Neil, Boston, Mass., for petitioner.

Maurice A. Roberts, Atty., Dept. of Justice, with whom Paul F. Markham, U. S. Atty., and Albert F. Cullen, Jr., Asst. U. S. Atty., were on the brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

The fact that the Board did not consider the hardship question can be of no comfort to this petitioner. The Board is not bound by the special inquiry offi-

1. At this time petitioner was granted the privilege of voluntary departure, which he reluctantly requested.

2. Having decided that the appeal should be denied as a matter of discretion, the Board found it unnecessary to consider whether petitioner would suffer extreme hardship if deported.

cer's order and may make its own determination. Since it chose to rest its decision solely on administrative discretion, the hardship issue is not before us. De Lucia v. Immigration and Naturalization Service, 370 F.2d 305 (7th Cir. 1966), cert. denied, 386 U.S. 912, 87 S.Ct. 861, 17 L.Ed.2d 784 (1967). Even though petitioner had met the minimum legal standards prescribed by the statute, this is not enough to justify the relief requested. In United States ex rel. Hintopoulas v. Shaughnessy, 353 U.S. 72, at 77, 77 S.Ct. 618, at 621, 1 L.Ed.2d 652 (1957), where the Board had found that the petitioners met the standards and were eligible for relief, the Court stated:

> "But the statute does not contemplate that all aliens who meet the minimum legal standards will be granted suspension. Suspension of deportation is a matter of discretion and of administrative grace, not mere eligibility; discretion must be exercised even though statutory prerequisites have been met."

■■ It is well settled that this court may not substitute its judgment for that of the Board of Immigration Appeals. Fernandez-Gonzalez v. Immigration & Naturalization Service, 347 F.2d 737 (7th Cir. 1965); Kalatjis v. Rosenberg, 305 F.2d 249 (9th Cir. 1962) and Polites v. Sahli, 302 F.2d 449 (6th Cir.), cert. de-

nied, 371 U.S. 916, 83 S.Ct. 259, 9 L.Ed. 2d 175 (1962). Thus, our only function here is to determine whether the Board abused its discretion.

■■ In our opinion it did not. The record shows that petitioner entered this country originally under a fraudulent claim of American citizenship. In the following year (1960) he obtained a certificate of citizenship knowing that he was not entitled to it. In addition, he did not comply with the Alien Registration Act requirements of annual registration and notification of change of address. Another reason why the Board did not exercise its discretion in his favor was his evasive testimony at the reopened hearing especially with respect to his family. This conflicted with an earlier sworn statement made by this alien.[3] Finally, the Board properly considered that petitioner met the residence requirement of the statute only by means of groundless legal maneuvers.[4]

We think the record of petitioner's conduct here greatly outweighs the policy against the breaking of close family ties which petitioner argues as a ground for setting aside the Board's decision. On the record before us we cannot say that in denying suspension of deportation the Board abused its discretion.

Affirmed.

---

3. In October 1963 after petitioner confessed his true identity as Goon Wing Wah, he made a sworn statement to an officer of the Immigration and Naturalization Service *giving information* about himself and his family. This statement became a part of the I.N.S. file with reference to petitioner and was admitted over objection in the reopened hearing. Since this had a bearing on whether discretionary relief should be granted, it was properly admitted.

4. We do not mean to imply that a party in such a proceeding *does not have a right* to pursue and exhaust all his legal remedies to the fullest. Here, however, most of petitioner's motions and appeals were patently groundless, the obvious purpose of which was delay.