**Hossein HOSSEINMARDI, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 21772.**

United States Court of Appeals Ninth Circuit.

March 22, 1968.

Rehearing Denied Jan. 29, 1969.

————◆————

Seymour Mandel (argued), Los Angeles, Cal., for appellant.

William P. Lamb (argued), Asst. U. S. Atty., William M. Byrne, Jr., U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Division, Los Angeles, Joseph Sureck, Regional Counsel, INS, San Pedro, Cal., Steve Suffin, Attorney, INS, San Francisco, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and BYRNE *, District Judge.

BYRNE, District Judge:

Petitioner is a native and citizen of Iran, who was admitted to the United States as a student in 1959. He has remained here since, except for a short visit to Iran in 1963. He admits his visa has expired, and he does not contest deportability. He applied for a stay of deportation under § 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h),[1] as amended, on the ground that if he were deported to Iran he would face persecution there because of his political beliefs and activities here in the United States in opposition of the Shah of Iran. Following a hearing granted petitioner, the Special Inquiry Officer

---

* Honorable William M. Byrne, Senior District Judge, United States District Court for the Central District of California, sitting by designation.

1. 8 U.S.C. § 1253(h) states as follows: "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

denied a stay of deportation, and ordered that petitioner be granted voluntary departure without expense to the government and, if such voluntary departure is not undertaken, the petitioner be deported to Iran. Denial of discretionary relief under § 243(h) was affirmed by the Board of Immigration Appeals.

█ This Court has jurisdiction to hear an appeal from a denial of an application for a stay of deportation. 8 U.S.C. § 1105a; Foti v. Immigration & Naturalization Service, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

█ Petitioner's principal assertions of error relate to a letter from the Department of State, which was submitted to the Special Inquiry Officer in response to his request for the opinion of the Department as to whether the petitioner might be subject to persecution if returned to Iran. This letter said in essence that an Iranian student would in all likelihood not be persecuted for activities in the United States and that any persecution that has taken place in the past as to such students was the result of their activities within Iran. This letter also states that certain Iranian students have taken part in such anti-Shah activities in the United States solely in order to make a case for the staying of their deportation.

The receipt of this letter in evidence at the hearing is attacked on the ground that the petitioner was denied the opportunity to cross-examine or present interrogatories to the author of the letter and that therefore the Special Inquiry Officer had no basis for relying on such evidence since no foundation had been laid as to the author's expertise or experience.

In a case similar to this one, where a letter from a Consul General was considered in determining the validity of an alien's fears of persecution upon return to his home country, this Court, in Namkung v. Boyd, 9 Cir., 226 F.2d 385, after stating its agreement with the second circuit view[2] "that the withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate" and that the "courts may not substitute their judgment for his", said at page 389, "We think it was proper for the hearing officer to forward the Consul General's letter to the Assistant Commissioner promptly upon its receipt by him, and that it was proper for the Assistant Commissioner to consider it in arriving at his conclusion that there was no basis for the alien's fears."

█ Petitioner also contends that the Inquiry Officer's decision was against the weight of the evidence. This contention is indicative of the fact that the petitioner has misconstrued the nature of our review of an order denying a stay of deportation. The petitioner, who hopes to have the decision overturned, must show that the decision is without a rational basis and is arbitrary, capricious or an abuse of discretion. See Foti v. Immigration & Naturalization Service, supra; Wang v. Pilliod, 285 F.2d 517 (CA 7).

█ The Special Inquiry Officer amply supported his decision in reason. He summarized all of the evidence given at the hearing and indicated why he ruled as he did. We hold that there was no abuse of discretion nor was the decision of the Special Inquiry Officer arbitrary or capricious.

█ Finally, the petitioner complains he was denied due process of law in that the agency, to-wit, the Immigration and Naturalization Service, investigated, prosecuted, and then adjudged the matter and that the Special Inquiry Officer and the Board of Immigration Appeals are both subject to the control and jurisdiction of the United States Department of Justice and therefore are incapable of rendering an impartial decision. This contention is clearly without merit. See

2. U. S. ex rel. Dolenz v. Shaughnessy, 2 Cir., 206 F.2d 392.

Marcello v. Bonds, 349 U.S. 302, 311, 75 S.Ct. 757, 99 L.Ed. 1107.

The Board's order is affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

1. In his petition for rehearing petitioner presses the contention that the Board of Immigration Appeals acted arbitrarily and capriciously by ignoring the testimony of petitioner's expert witnesses about conditions in Iran in reliance upon the letter from the State Department official whom counsel was not permitted to cross-examine or subject to discovery procedures.

The potential unreliability of such letters is effectively exposed in Kasravi v. Immigration & Naturalization Service, 400 F.2d 675, 677 & n. 1 (9th Cir. 1968). The generalities regarding conditions in Iran which appear in the letter were severely challenged by petitioner's expert witnesses. It might well have been improper had the Board given substantial weight to those generalities without corroboration or further inquiry. Cf. Consolidated Edison Co. of New York v. NLRB, 305 U.S. 197, 229–230, 59 S.Ct. 206, 83 L.Ed. 126 (1938); National Council of American-Soviet Friendship, Inc. v. Subversive Activities Control Board, 116 U.S.App.D.C. 162, 322 F.2d 375, 386–387 (1963); NLRB v. Yutana Barge Lines, Inc., 315 F.2d 524, 528 (9th Cir. 1963); Willapoint Oysters Inc. v. Ewing, 174 F.2d 676, 691 (9th Cir. 1949); 2 K. Davis, Administrative Law Treatise § 14.10, at 295–296 (1958).

The Board, however, did not rely upon the general statements regarding conditions in Iran. The Board mentioned only one of the statements in the letter (that students returning to Iran after anti-regime activity abroad had not been subject to persecution, without additional action on their part), but the Board did not base its conclusion even upon this assertion. Rather, the thrust of the Board's decision was that the petitioner's own evidence was insufficient to discharge his burden of establishing that he would be persecuted if deported to Iran.

2. In United States ex rel. Kordic v. Esperdy, 386 F.2d 232, 238–239 (2d Cir. 1967), a decision not considered in our original opinion, the Court of Appeals for the Second Circuit held that the determination whether or not persecution would occur in the event of deportation was a finding of fact (distinct from the exercise of administrative discretion to stay deportation) which, by virtue of 8 U.S.C. § 1105a(a) (4), was subject to judicial review for substantial evidence in the record. See also Foti v. Immigration & Naturalization Service, 375 U.S. 217, 228 n. 15, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); Wong Wing Hank v. Immigration & Naturalization Service, 360 F. 2d 715, 717 (2d Cir. 1966). Another panel of this court has rejected this view. Kasravi v. Immigration & Naturalization Service, supra, En banc reconsideration would be inappropriate in this case, for we are satisfied that the Board's decision must be affirmed under either standard of review.

The petition for rehearing is denied.

BYRNE, District Judge:

I, too, vote to deny the petition for rehearing. As stated by the Supreme Court in Jay v. Boyd, 351 U.S. 345, 354, 76 S.Ct. 919, 925, 100 L.Ed. 1242, the Attorney General's "unfettered discretion * * * with respect to suspension of deportation, is analogous to the Board of Parole's powers to release federal prisoners on parole."

In the exercise of this discretion, the Attorney General may consider all information available to him, including letters from State Department officials. Namkung v. Boyd, 226 F.2d 385 (9th Cir.). In the instant case, there clearly was no abuse of discretion, nor was the decision of the special inquiry officer arbitrary or capricious. That is all that is required to support the "unfettered discretion" of the Attorney General.