Borbala **KERKAI** (A–14929900), Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 17417.

United States Court of Appeals
Third Circuit.

Argued Sept. 16, 1969.

Decided Nov. 4, 1969.

407 F.2d 695, 697; Stewart v. Bishop, 8 Cir., 1968, 403 F.2d 674, 678.

Gerald I. Roth, Allentown, Pa., for petitioner.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa., for respondent.

Before BIGGS, KALODNER and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This is a petition for review of the decision of the Immigration and Naturalization Service denying an alien's application for a stay of deportation under Section 243(h) of the Immigration and Nationality Act, 8 U.S.C.A. § 1253(h).

Borbala Kerkai, petitioner, is a 33 year old woman, a native of Hungary, who entered the United States as a visitor on July 14, 1967 in order to visit her brother. She brought with her a five year old son. She was permitted to stay in the United States for three months, until October 14, 1967. Petitioner concedes that she stayed, without authority, beyond her required departure date. She further concedes that she is deportable.

Petitioner is separated from her husband and the hearing record seems to indicate that he is in the process of obtaining a divorce from her. It appears that petitioner was a member of the Hungarian Democratic (Communist) Youth Organization from 1954 to 1962, where she held the office of secretary for four years. She was a member of the Hungarian Worker's (Communist) Party and its successor organization in 1958. When she left Hungary in 1967, she was a factory worker and a member of a trade union which was communist-controlled. While she indicates that she did not believe in the Communist Party philosophy, she did not attempt to withdraw from the Party until 1967, when her request was refused.

Petitioner contends that she would be persecuted upon her return to Hungary because of her religious beliefs (she had attended church regularly while in Hungary), and also because of her political activities. She testified that she believes she would be taken into custody, probably for having overstayed the three months she had been granted for the visit to the United States. She also believes that she has lost her job and could not get another; that she has lost her Communist Party membership; and that she would be considered an "unreliable" party member and would probably be arrested if she returned to Hungary.

At the deportation hearing, February 23, 1968, petitioner made an application for adjustment of status to that of a lawful permanent resident under Section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255. She also applied for temporary withholding of deportation to Hungary pursuant to Section 243(h), claiming that she would be persecuted for the reasons already stated.

The Special Inquiry Officer found petitioner deportable and denied both applications for relief from the deportation order. She appealed to the Board of Immigration Appeals on the denial of the application for temporary withholding of deportation under § 243(h) of the Act and again it was denied, the Board finding that petitioner had not been nor in all probability would be persecuted for her religious beliefs; that her arrest in Hungary for overstaying her authorized time in America was not a basis for granting her relief; and that since she had not shown that she would be excluded from all means of employment, she could not obtain a temporary order on this ground.

Petitioner urges that the Special Inquiry Officer's finding in connection with the temporary withholding of deportation is against the weight of the evidence and ignores the reality of life

in Hungary in that petitioner has shown that (1) she will be persecuted for her religious beliefs; (2) will be unable to find employment to support herself, and (3) that she faces arrest and imprisonment and possible separation from her child if she returns to Hungary.

The Board, in reply, contends that its denial of discretionary relief under § 243(h) was not arbitrary, capricious nor an abuse of discretion since petitioner failed to substantiate any of her claims of persecution if she should be forced to return to Hungary.

On review of the record we cannot say that the denial of discretionary relief under Section 243(h) of the Act was arbitrary, capricious or an abuse of discretion.

For the reasons stated the petition for review will be dismissed. Lena v. Immigration and Naturalization Service, 379 F.2d 536 (7 Cir.1967).