Isa **HAMAD**, Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**No. 22350.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 20, 1969.

Decided Dec. 22, 1969.

Mr. David Carliner, Washington, D. C., for petitioner.

Mrs. Constance S. Rotan, Atty., Department of Justice, with whom Messrs. David G. Bress, U. S. Atty. at the time the brief was filed, and Paul C. Summitt, Atty., Department of Justice, were on the brief, for respondent.

Before FAHY, Senior Circuit Judge, and WRIGHT and ROBB, Circuit Judges.

J. SKELLY WRIGHT, Circuit Judge:

This petition pursuant to Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) (1964), seeks review of an order of deportation issued by the Immigration and Naturalization Service and affirmed by the Board of Immigration Appeals. We dismiss the petition and affirm the Board's order.

■ Petitioner, who has been ordered deported to Jordan, is an alien conceded to be deportable because he entered the United States without inspection in violation of 8 U.S.C. § 1251(a) (2) (1964). This entry was the third time petitioner entered the United States illegally, and the present order is the third order of deportation entered against him. In the present proceedings, he applied for and was denied two forms of discretionary relief: (1) withholding of deportation pursuant to 8 U.S.C. § 1253(h) (Supp. IV 1965-1968); and (2) voluntary departure in lieu of deportation pursuant to 8 U.S.C. § 1254(e) (1964). In his petition he basically challenges the refusal of the Immigration and Naturalization Service to exercise its discretion and grant either relief.[1]

Section 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h), provides:

"The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which *in his opinion* the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

(Emphasis added.) Petitioner acknowledges, as he must, that the statute commits the decision whether or not to withhold deportation to the discretion of the Attorney General and his agent, the Board of Immigration Appeals. He argues that this discretion was abused in that improper standards were applied in reaching a decision.

Our review of the action of the Board of Immigration Appeals is a two-step process, paralleling the decision process of the Board itself. *See* United States ex rel. Kordic v. Esperdy, 2 Cir., 386 F. 2d 232, 238 (1967). First, the Board determines, as a factual matter, the probability that petitioner would be subject to persecution; second, the Board must exercise its discretion on the facts found.

" * * * [T]he first step—the 'factual findings on which a discretionary denial of suspension is predicated'—'must pass the substantial evidence test.' * * * "

United States ex rel. Kordic v. Esperdy, *supra*, 386 F.2d at 239. *See* Wong Wing Hang v. Immigration and Naturalization Service, 2 Cir., 360 F.2d 715, 717 (1966) (opinion by Judge Friendly.[2] Our re-

---

1. Petitioner also urges that the order of deportation issued improperly because the District Director did not specifically assure him that Jordan would "accept" him. *See* 8 U.S.C. § 1253(a) (1964); Lu v. Rogers, D.D.C., 164 F.Supp. 320, affirmed, 104 U.S.App.D.C. 374, 262 F.2d 471 (1958). His objection seems to focus primarily on an ambiguity in the notice he received from the Immigration and Naturalization Service informing him that "arrangements have been made for your departure to Jordan." Jordan did, however, approve a travel document for petitioner in 1965, and petitioner has refused to cooperate with the Service in obtaining appropriate travel documents. On this state of the record, we think petitioner's attempt to invoke the rule of Lu v. Rogers, *supra*, is without merit.

2. A panel of the Ninth Circuit in Kasravi v. Immigration and Naturalization Service, 400 F.2d 675 (1968), rejected this two-part review. The *Kasravi* court did not discuss the Second Circuit cases, however, and a subsequent decision by the Ninth Circuit has suggested that the matter might be appropriate for *en banc* consideration by that court. Hosseinmardi v. Immigration and Naturalization Service, 405 F.2d 25, 28 (1968). In any event, we choose to follow the Second Circuit approach because, in our view, it more clearly illuminates the decision-making process.

view of the second step of the process, the Board's exercise of discretion, is governed by the much less demanding "abuse of discretion" standard.

In the present case, the "standards" which petitioner complains of were really part of the fact-finding process. Petitioner claimed that if he were returned to Jordan he would be persecuted for his activities in opposition to the regime of King Hussein. His main support for this contention consisted of two witnesses, who testified to their own minor brushes with the law in Jordan. In addition, they corroborated petitioner's story of his encounter with a Jordanian military officer. Apparently petitioner criticized King Hussein in a conversation in a Virginia restaurant with a major in the Jordanian army. The major's heated response threatened petitioner with arrest if petitioner ever returned to Jordan. The Board, in discounting this statement as an idle threat backed by no authority, noted:

"* * * The respondent testified that he had never seen the officer in Jordan * * * and there is no evidence that the respondent had been in trouble with the Jordanian authorities prior to his departure. There is no evidence that any Jordanian authority has taken steps to insure that the respondent would be punished if he should return to Jordan. * * *"

Contrary to appellant's contention, we do not think this passage announces any general requirement that authorities in a foreign country must have proceeded against an alien before the Board would withhold deportation. Rather, the Board was responding directly to petitioner's attempt to prove that he *had* been singled out for punishment by an army officer.

 Petitioner had the burden of proof to establish the probability that he would be persecuted if deported to Jordan. The Board found that he had not met this burden and, after careful review of the evidence, we think the record amply justifies the Board's finding. *See* Hosseinmardi v. Immigration and Naturalization Service, 9 Cir., 405 F.2d 25, 28 (1968). Since the Board found that petitioner had not sustained his burden of establishing the probability that he would be persecuted in Jordan, the Board had no occasion to exercise its discretion to withhold deportation of petitioner under Section 243(h). Since we approve the Board's factual finding, we do not reach the second stage of our review outlined above.

 Petitioner's challenge to the denial of voluntary departure is also without merit. The Immigration and Naturalization Service admits that petitioner is statutorily eligible for a grant of voluntary departure as a "person of good moral character." 8 U.S.C. § 1254(e). But the Supreme Court has held, in United States ex rel. Hintopoulos v. Shaughnessy, 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957), that the Service is not required to grant relief to all aliens who meet the minimum legal standards: "Suspension of deportation is a matter of discretion and of administrative grace, not mere eligibility; discretion must be exercised even though statutory prerequisites have been met." 353 U.S. at 77, 77 S.Ct. at 621.

Here the Service took particular note that the petitioner had entered the United States three times illegally, that he had purchased and used to gain illegal entry into this country a fraudulent passport, a fraudulent birth certificate and a fraudulent border crossing card, and that he perjured himself in testimony before an officer of the Immigration and Naturalization Service. On this record, we cannot say that it was an abuse of discretion for the Service to refuse to grant voluntary departure. Khalaf v. Immigration and Naturalization Service, 7 Cir., 361 F.2d 208 (1966); Fernandez-Gonzalez v. Immigration and Naturalization Service, 7 Cir., 347 F.2d 737 (1965).

Petition dismissed.