**Jamil Mousa SHKUKANI, Petitioner,**

**v.**

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 20411.**

United States Court of Appeals, Eighth Circuit.

Jan. 4, 1971.

Bernard P. Becker and Richard A. Toomey, Jr., Minneapolis, Minn., on brief for petitioner.

Will Wilson, Asst. Atty. Gen., Dept. of Justice, and Paul C. Summitt, Atty., Washington, D. C., and Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., on brief for respondent.

Before MEHAFFY and HEANEY, Circuit Judges, and MEREDITH, District Judge.

MEHAFFY, Circuit Judge.

This case comes to us in the form of a petition to review deportation proceedings before a Special Inquiry Officer and the Board of Immigration Appeals. Deportation proceedings under § 241(a) (2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a) (2), were commenced by an Order to Show Cause and Notice of Hearing issued by the District Director of the Immigration and Naturalization Service at St. Paul, Minnesota, on the ground that petitioner had overstayed his designated voluntary departure date of July 10, 1969.

On May 20, 1970, a deportation hearing was held before a Special Inquiry Officer pursuant to § 242 of the Act, 8 U.S.C. § 1252. Petitioner was found deportable as charged. In the course of the hearing, petitioner applied for withholding of deportation under § 243(h) of the Act, 8 U.S.C. § 1253(h), on the ground that he would be persecuted for his political opinions if returned to Jordan, or, in the alternative, for voluntary departure in lieu of deportation under § 244 (e) of the Act, 8 U.S.C. § 1254(e).

The Special Inquiry Officer denied both applications for relief from deportation, entering an order for deportation to Spain, and, if Spain were unwilling to accept him, to Jordan. The Board of Immigration Appeals dismissed his appeal on June 19, 1970, and the order became final. Spain has refused to admit petitioner.

Petitioner, Jamil Mousa Shkukani, is a twenty-two-year-old native and citizen of Jordan. He has resided most of his life in or near the City of Ramallah. Since June, 1967 Ramallah has been occupied by Israel. On September 5, 1968 he entered the United States at Chicago, Illinois as an nonimmigrant visitor for pleasure. On June 10, 1969 he applied for an extension of his stay in the United States. There was evidence that the extension was denied on the same day and that he was granted until July 10, 1969 to depart the United States. Petitioner denied that his application for extension of stay was denied and that he was granted until July 10, 1969 to depart the United States. At any rate, petitioner failed to depart. Instead he went to Minneapolis. He was served with the Order to Show Cause on April 13, 1970. A hearing was set for April 21, 1970 at St. Paul, Minnesota. At that time the hearing was ordered postponed until May 20, 1970 to allow petitioner an opportunity to secure counsel. At the same time he was ordered detained under bond of $1,500.00. Petitioner subsequently secured counsel but was unable to post bond. On May 12, 1970 he applied for release on his own recognizance. The application was denied but the bond was reduced to $1,000.00. He has been unable to post bond.

At the hearing on May 20, 1970, in support of his application for withholding deportation on the ground that he would be persecuted in Jordan for his political opinions, petitioner introduced into evidence two documents plus his own testimony. One document was an affidavit from a professor of Mid-Eastern languages at the University of Minnesota attesting that he believed petitioner would risk political persecution if returned to Jordan. The other document was an article from the New York Times Magazine which dealt with general conditions in the Israeli-occupied sector of Jordan. Petitioner testified that his family and most of his friends live in Israeli-occupied territory, that he has not supported any Arab guerilla movement, and that he fears that if returned to Jordan he might be considered an enemy. His summary of this evidence is that his stay in the United States, his home in Israeli-occupied territory, his lack of political views and the conditions in Jordan demonstrate that he would be subject to persecution in Jordan.

The only questions presented for review are whether the denial of petitioner's application for withholding of de-

portation was proper and whether his application for voluntary departure should have been granted.

In support of his argument on the first point, petitioner relies on § 243(h) of the Immigration and Nationality Act and argues that the Board of Immigration Appeals rejected his claim because he failed to sustain his burden of proving that he would be singled out for political persecution if returned to Jordan. Petitioner takes the position that he sustained his burden of proof and that the burden of going forward shifted to the government to prove he is not eligible for relief under § 243(h). He relies on Kovac v. Immigration and Naturalization Service, 407 F.2d 102 (9th Cir. 1969), for the proposition that Congress "liberalized" § 243(h) and that it intended a reasonable showing of anticipated persecution to be sufficient. As we read *Kovac*, it deals with what constitutes "persecution" within the meaning of § 243(h), and recognizes a change in the statute. It does not change the quantum of proof necessary to show persecution.

 The decision whether or not to withhold deportation lies within the discretion of the Attorney General and his agents. Hamad v. United States Immigration and Naturalization Service, 137 U.S.App.D.C. 77, 420 F.2d 645 (1969). Judicial review is limited to assessment of the record to insure that the decision of the Attorney General is not "arbitrary, capricious or an abuse of discretion." Kerkai v. Immigration and Naturalization Service, 418 F.2d 217 (3rd Cir. 1969). The alien has the burden of proof to establish the probability that he would be persecuted if deported. Hamad v. United States Immigration and Naturalization Service, *supra*; Cheng Kai Fu v. Immigration and Naturalization Service, 386 F.2d 750 (2nd Cir. 1967). The record amply justifies the Board's finding that petitioner did not meet his burden of proof and we cannot say that there has been an abuse of discretion. Also, since the Board found that petitioner had not sustained his burden, it had no occasion to exercise its discretion

to withhold deportation under § 243(h). See Hamad v. United States Immigration and Naturalization Service, *supra*.

 As to the second point, petitioner admittedly did not have the means with which to depart to Spain or Jordan and therefore did not qualify for voluntary departure. 8 CFR § 244.1 (1970). The burden of establishing eligibility was upon him, 8 CFR § 242.17(d) (1970), and the granting of such relief is discretionary. Hamad v. United States Immigration and Naturalization Service, *supra*. While petitioner urges the possibility of receiving funds from his family, the government points out that such a possibility was first advanced in the hearing on May 20, 1970, and that no such funds have been forthcoming. We cannot say that the determination that petitioner was without funds is erroneous under any test or that there was any abuse of discretion.

Accordingly, we affirm.