Laila Aly **KHALIL**, Petitioner,

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 71–1899.**

United States Court of Appeals,
Ninth Circuit.

Feb. 22, 1972.

Hiram W. Kwan, of Kwan, Cohen & Quan, Inc., Los Angeles, Cal. for appellant.

Robert L. Meyer, U. S. Atty., Los Angeles, Cal., Stephen Suffin, I & N S, San Francisco, Cal., Joseph Surreck, Regional Counsel, I & N S, San Pedro, Cal., for appellee.

Before ELY, WRIGHT, and CHOY, Circuit Judges.

ELY, Circuit Judge:

The issue here is whether the Immigration and Naturalization Service (INS) erred in denying Khalil's application to withhold her deportation to the United Arab Republic (U.A.R.).

Khalil has conceded that, as a nonimmigrant visitor who has remained in this country longer than was authorized, she is deportable under 8 U.S.C. § 1251(a) (2). She argues only that her deportation should, pursuant to 8 U.S.C. § 1253(h),[1] be withheld because her political beliefs will cause her to be persecuted in the U.A.R.

■ The burden of proving that deportation will lead to political persecution rests with the alien. 8 C.F.R. § 242.17(c); Hosseinmardi v. I. N. S., 405 F.2d 25 (9th Cir. 1968). Khalil sought to meet that burden with her personal testimony and the testimony of her employer's wife, Mrs. Tawfik. The pertinent evidence showed that: (1) Khalil was a long-time employee of the Tawfik family, (2) she had joined Mr. Tawfik, a former U.A.R. government official, and his family when they fled the U.A.R. because of its increasing ties with the U.S.S.R., (3) she has adopted the Tawfik family's anti-Communist political views,[2] and (4) both Mrs. Tawfik and Khalil feared that, if Khalil returned to the U.A.R., she would be jailed for having been employed by the Tawfiks and for having adopted anti-Communist views.

■ The Special Inquiry Officer and the Immigration Appeals Board concluded that Khalil's showing was inadequate to justify withholding her deportation.[3] In reviewing that determination, our inquiry is limited. We cannot substitute our judgment for that of the INS. See Siu Fung Luk v. Rosenberg, 409 F.2d 555 (9th Cir. 1969), cert. dism'd 396 U. S. 801, 89 S.Ct. 2151, 24 L.Ed.2d 58 (1969). Only if the decision of the INS is not based on a reasonable foundation can we suspend deportation. Chi Sheng Liu v. Holton, 297 F.2d 740 (9th Cir. 1961).

1. This section provides:
   "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such period of time as he deems to be necessary for such reason."

2. There is little evidence of Khalil's anti-Communist views. We can see, however, that she is uneducated, and we therefore assume, as did the INS, that her political beliefs were adequately demonstrated.

3. A letter from an official of the State Department was admitted into evidence by the Special Inquiry Officer. The letter contained statements regarding the Department's views on the treatment of people residing in the U.A.R. holding anti-Communist beliefs. Although we have serious doubts about the reliability and competency of such evidence, see Kasravi v. I.N.S., 400 F.2d 675 (9th Cir. 1968), we need not here consider its effect. As in Hosseinmardi, supra, "the thrust of the [INS's] decision was that the petitioner's own evidence was insufficient to discharge [her] burden of establishing that [she] would be persecuted if deported . . . ." 405 F.2d at 28.

After carefully reviewing the record, we have concluded that we must, in general, affirm the decision of the INS.[4] The evidence regarding persecution offered by Khalil consisted solely of statements made by her and Mrs. Tawfik that they believed Khalil would be persecuted. No factual support which might have demonstrated the reasonableness of this belief was offered; hence, the INS was not clearly wrong in discounting the conclusory statements of danger and determining that Khalil had failed to sustain her burden of proof. *See generally* Gena v. I.N.S., 424 F.2d 227 (5th Cir. 1970).

We must, however, modify the Order of the Special Inquiry Officer as it relates to two other issues. Under 8 U.S.C. § 1254(e),[5] the Officer granted Khalil the right to make a voluntary departure in lieu of deportation. To avoid deportation, she was required to leave the country "before January 2, 1971 [i. e., within 30 days] or any extension beyond such time as may be granted by the District Director and under such conditions as the District Director may direct." The record does not indicate what extensions, if any, have been granted by the District Director, but, in line with the decision of the Special Inquiry Officer, Khalil should, after the issuance of our judgment, be allowed at least 60 days to make her authorized voluntary departure. If Khalil declines to make a voluntary departure, then we think she should be given another opportunity to designate, if she so chooses, the country to which she shall be involuntarily deported.[6] To allow time for such designation, Khalil shall not be deported until the expiration of the allowed period of 60 days for a voluntary departure.

Affirmed, with directions.

4. We recognize that there are two tests used to determine the correctness of this type of decision by the INS. *Compare* our rule, stated in *Hosseinmardi, supra,* (decisions reversed only if without a rational basis) *with* Hamad v. I.N.S. 137 U.S.App.D.C. 77, 420 F.2d 645 (1969) (decisions affirmed only if supported by substantial evidence). This, however, is not an appropriate case for our court to undertake an *en banc* reconsideration of the rule in *Hosseinmardi* because we think that the decision of the INS is correct under either standard.

5. In pertinent part, that section provides: "The Attorney General may, in his discretion, permit any alien under deportation proceedings . . . to depart voluntarily from the United States at his own expense . . . ."

6. Although we have no doubt that we should not overturn the decision as to deportation, we are not certain that the Special Inquiry Officer correctly determined that Khalil should be deported to the U.A.R. A deportee is entitled to choose the country to which he will be sent. 8 C.F.R. § 242.17(c). If the deportee declines to designate his destination, the decision is made by the Special Inquiry Officer. Here, the Officer determined that Khalil declined to designate her designation. That conclusion was based on the following colloquy:

"INS: Under the immigration laws of the United States you have the right to designate a country to which you desire to be sent if your deportation should be required. In such event which country do you wish to designate?

Khalil: I don't know what country to go to.

INS: In other words you do not wish to designate a country if your deportation should be required?

Khalil: That's correct."

We are not satisfied that the Officer fairly characterized Khalil's answer to his first question. As a result, this uneducated woman may not have fully realized the consequences of her failure, then and there, to make a designation.