Nerio PAUL, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 75–1217.

United States Court of Appeals, First Circuit.

Argued Nov. 6, 1975.

Decided Feb. 2, 1976.

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

Max D. Stern, Boston, Mass., with whom Burnham, Stern & Shapiro, Boston, Mass., and Jack Greenberg, New York City, were on brief, for petitioner.

Robert E. Courtney, III, Atty., Dept. of Justice, with whom B. Franklin Taylor, Acting Chief, Government Regulations Section, Crim. Div., and James P. Morris, Atty., Dept. of Justice, Washington, D. C., were on brief, for respondent.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

In June of 1970 petitioner entered the United States as a stowaway and in that same month voluntarily surrendered himself to the Immigration and Naturalization Service in Boston. A deportation hearing was held on September 2, 1970, at the conclusion of which the Immigration Judge found petitioner deportable, denied him the privilege of voluntary departure, denied him relief under § 243(h)

of the Immigration and Nationality Act, and ordered his deportation to Haiti. Now, more than five years later, the matter is still unresolved and comes before this court for the first time. While petitioner is not entirely without responsibility for this long delay, the responsibility is by no means his alone as there are numerous unexplained periods of lengthy delay attributable to the government.

Petitioner alleges that he was denied the effective assistance of counsel at the hearing on May 31, 1973.* Specifically, he claims that the Immigration Judge violated his right to due process by denying the two-week continuance which his newly retained counsel requested at that hearing. We need not pass on the merits of that argument, however, because in its "Motion to Remand Petitioner's Application for Voluntary Departure to the Board of Immigration Appeals," the Service states that "[w]ithout conceding Petitioner's legal argument, the Respondent believes that a sufficient question has been raised concerning the fairness of the hearing on his application for voluntary departure that the interests of justice warrant a remand of this application to the Board." We grant the Service's motion and remand the matter to the Board so that petitioner may be given a further opportunity to establish whether he qualifies for the privilege of voluntary departure.

 We note that the Service's motion to remand was limited to the issue of voluntary departure. Under the circumstances of this case, however, we would suggest that the Board also reconsider petitioner's application for relief under § 243(h) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h). While we are aware of the discretionary nature of the relief available under § 243(h) and of the limited scope of our own review, see *Hamad v. United States Immigration and Naturalization Service*,

137 U.S.App.D.C. 77, 420 F.2d 645 (D.C. Cir. 1969); cf. *Goon Wing Wah v. Immigration and Naturalization Service*, 386 F.2d 292 (1st Cir. 1967), we are also aware that relief under § 243(h) is intimately linked to the vagaries of evolving circumstances and that a decision made several years ago might not be consonant with contemporary realities. *Cf. United States ex rel. Mercer v. Esperdy*, 234 F.Supp. 611, 614–16 (S.D.N.Y.1964). However, the burden should be on petitioner to show that there has, in fact, been a change in circumstances, and the hearing should be limited to that issue.

*Remanded.*

---

* It would require several pages to summarize adequately the history of this case, but such a summary is unnecessary in light of our ultimate disposition.