Sidney E. Zion, Asst. U. S. Atty., David M. Satz, Jr., U. S. Atty., Newark, N. J., for appellee.

Before GANEY and SMITH, Circuit Judges, and AUGELLI, District Judge.

**Antonio MORIN, Plaintiff-Appellant,**

v.

**E. P. BOUCHARD, District Director of Immigration and Naturalization Service, New Jersey, Defendant-Appellee.**

**No. 13971.**

United States Court of Appeals Third Circuit.

Argued Nov. 6, 1962.

Decided Dec. 21, 1962.

PER CURIAM.

This is an appeal from the judgment of the District Court in holding that the Attorney General did not abuse the discretion vested in him under Section 243 (h) of the Immigration and Nationality Act [1] and also under Section 106(a) as amended Public Laws 87–301, September 26, 1961, which is the exclusive procedure for judicial review of an Order of Deportation.

The twenty-seven year old appellant escaped from Yugoslavia during the night of July 3rd, 1957, in a small boat, and landed in Italian territory where political asylum was granted by the Italian Government. A permit was subsequently given him permitting him to visit Genoa, where he worked in a restaurant before his departure for the United States on a ship. Upon his failure to return to his ship, he was taken into custody and an application for stay of deportation under Code of Federal Regulations, Rev. 1958, Title 8, Section 243(b) (2), was denied by the Special Inquiry Officer and approved by the Regional Commissioner. Summary judgment was entered by the

1. The Immigration and Nationality Act of 1952, Section 243(h), 8 U.S.C.A. § 1253 (h), is set forth as follows: "Withholding of deportation. The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

court below on January 18, 1962, from which this appeal was taken.

An examination of the record discloses that the appellant left Yugoslavia because he "disliked the Communist Party." He alleged that he was not allowed to go to church but, later in his testimony, he said that what really happened was that members of the Communist Party taunted him for believing in God, while on his way to church, and, at times, policemen kept him under surveillance when he was on his way or returning from church and gave him "dirty looks.", saying that "religion is just a phony think" [sic]. The policemen told him it would be a good thing to join the Communist Party, which he never did, since he never engaged in any political activity while in Yugoslavia. He was never imprisoned there, and his mother and sister are there presently and they have never been imprisoned or subjected to physical persecution. He said that he always regarded himself as a "black sheep" while he was in the Army in Yugoslavia, because he did not join the Communist Party and, while he was at home, police would often come into his house during the night, but the record does not disclose any evidence of physical persecution of him or what, if anything, the police said or did when they visited his home.

We find nothing in the record denying relief which shows either that the Attorney General was arbitrary and capricious or that the appellant had been subjected to physical persecution in Yugoslavia. Likewise, there is nothing in this record similar to that of Dunat v. Hurney, 3 Cir., 297 F.2d 744, where economic sanctions were imposed on the appellant in denying him employment because of his church membership or for his failure to join the Communist Party while in Yugoslavia.

There is no contention that the Attorney General did not consider his application, that the regulations were not conformed with or that he was denied procedural due process. The record, as a whole, falls within the purview of Blazina v. Bouchard, 3 Cir., 286 F.2d 507, and, accordingly, we find no abuse of discretion on the part of the Attorney General.

The judgment of the District Court is affirmed.