**Attilio ZUPICICH, Plaintiff-Appellant,**

v.

**P. A. ESPERDY, as District Director of the Immigration and Naturalization Service for the District of New York, Defendant-Appellee.**

**No. 402, Docket 27938.**

United States Court of Appeals
Second Circuit.

Argued June 13, 1963.

Decided June 28, 1963.

Robert J. Carluccio, New York City, for appellant.

Roy Babitt, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, on the brief), for appellee.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

■ Appellant, a concededly deportable alien, brought this action in the district court to review the Attorney General's order denying the application to have his deportation to Yugoslavia withheld on the claim that there he would be subject to physical persecution within the meaning of Section 243(h) of the 1952 Immigration and Nationality Act (8 U.S.C.A. § 1253(h)). The only contention pressed below, and in this court, is that on the evidence presented at the hearing before the Special Inquiry Officer, the finding that the appellant would not be subject to physical persecution within the meaning of the statute on his return to Yugoslavia was arbitrary and capricious. The defendant moved for summary judgment and the district court, after first concluding that it had jurisdiction,[1] granted defendant's motion and dismissed the complaint.

■ Appellant makes no claim that he has been denied procedural due process or that an erroneous standard was employed by the Attorney General's delegate. He asks us to review the evidence

adduced at the hearing and conclude that the Attorney General's delegate was arbitrary in finding that appellant would not be subject to physical persecution on his return to Yugoslavia. That our scope of review on this issue is limited to determining whether the Attorney General's delegate was arbitrary or capricious is too well settled to require extended discussion. See, e. g., Diminich v. Esperdy, 299 F.2d 244 (2d Cir. 1961), cert. denied, 369 U.S. 844, 82 S.Ct. 875, 7 L.Ed.2d 848 (1962); Blazina v. Bouchard, 286 F.2d 507 (3d Cir. 1960), cert. denied, 366 U.S. 950, 81 S.Ct. 1904, 6 L. Ed.2d 1242 (1961); United States ex rel. Hintopoulas v. Shaughnessy, 233 F. 2d 705 (2d Cir. 1956), aff'd 353 U.S. 72, 77 S.Ct. 618, 1 L.Ed.2d 652 (1957).

The only evidence presented at the hearing was the testimony of appellant and that of Dr. Matthew Mestrovic, an asserted expert on internal Yugoslav practices. The primary emphasis of Dr. Mestrovic's testimony was on the relationship between the Catholic Church and the Yugoslav Government. Without reviewing this testimony in detail, its substance was to the effect that although there was a great deal of oppression of the Church, this oppression was directed at the hierarchy of the Church and not at the ordinary layman. Appellant himself conceded that he had never been harmed in Yugoslavia even though he had regularly attended church and had expressed his dislike of the Communists in conversations with friends. He expressed the fear, however, that he might be incarcerated for a year or two for jumping ship and, in addition, might experience other difficulties.

■ There is no need to belabor further the evidence presented at the hearing and the fears of persecution expressed by appellant. Possible incarceration for one or two years resulting from illegally deserting a vessel is not physical presecution within the meaning

---

[1]. We agree that the district court had jurisdiction to entertain this action. See Foti v. Immigration and Naturalization Service, 308 F.2d 779, 788 (2d Cir.1962), cert. granted, 371 U.S. 947, 83 S.Ct. 503, 9 L.Ed.2d 496 (1963).

of Section 243(h). Diminich v. Esperdy, supra; Blazina v. Bouchard, supra, compare Sovich v. Esperdy, 2 Cir., 319 F.2d 21, in which there was no finding as to the possible duration of incarceration; nor do the "difficulties" and "hardships" feared by appellant on his return constitute such persecution. The discretion of the Attorney General's delegate was not exercised arbitrarily or capriciously.

Affirmed.