Sime SORIC, also known as Sam Soric, Petitioner,

v.

IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.

No. 14752.

United States Court of Appeals Seventh Circuit.

June 3, 1965.

Rehearing Denied June 28, 1965.

Nathan T. Notkin, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Powers Crowley, John Peter Lulinski, Arthur D. Rissman, Asst. U. S. Attys., Chicago, Ill., for respondent.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

KILEY, Circuit Judge.

The Attorney General, through his delegates, denied an application of petitioner Soric, formerly a seaman, whose last citizenship was Yugoslavian, under Sec. 243(h)[1] of the Immigration and Nationality Act of 1952, 66 Stat. 166, 8 U.S.C. § 1101 et seq., for withholding of Soric's deportation to Yugoslavia. Soric challenges the ruling, but we affirm.

Soric jumped ship in Texas in 1955 and overstayed his crewman's leave. He was ordered deported in 1960 and his application for withholding of deportation was denied. The district court in 1961 granted summary judgment against Soric in his action to review the order. This court affirmed, Soric v. Flagg, 303

---

1. "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to physical persecution and for such period of time as he deems to be necessary for such reason."

F.2d 289 (7th Cir. 1962). On the Government's motion Soric's application was later reconsidered under new federal regulations [2] effective January 22, 1963, and an evidentiary hearing was held, after which, on September 3, 1963, Soric's application for withholding of deportation was denied and he was ordered deported. His appeal to the Board of Immigration Appeals was unsuccessful and the proceeding before us followed on petition for review under 8 U.S.C. § 1105a.

The only matter raised in the second hearing not considered and passed upon both in the administrative hearings and before this court in the original proceeding was the question of Soric's conviction *in absentia,* shortly after he fled Yugoslavia in 1955, for illicit dealing in foreign commerce and currency. He was sentenced to two years and two months in prison, but under Yugoslavian law he would have to be retried in person upon his return.

We see no abuse of discretion in the finding that Soric failed to sustain his burden of proving his contention that his conviction was politically motivated and without basis and that imprisonment upon his return would constitute "physical persecution" within the meaning of the statute. The only evidence of the conviction was a decree from a collateral proceeding in which Soric's wife and daughters sought to have the conviction set aside, showing only the charges and the sentence. The only evidence that the conviction was a pretext to persecute Soric for his political and religious views was Soric's own testimony.

We do not preclude the possibility that a politically motivated conviction and sentence could under some circumstances amount to physical persecution, see *Sovich v. Esperdy,* 319 F.2d 21 (2d Cir. 1963). But we think that there was no abuse of discretion in the conclusion of the Special Inquiry Officer and the Board of Appeals that Soric failed to sustain his burden of showing that such

was the case here. Our power to review the order is limited to the questions whether the proper legal standards were applied and whether the Attorney General abused his discretion. Soric v. Flagg, 303 F.2d 289 (7th Cir. 1962).

We find no error in either respect and the order is affirmed.