MATTER OF LEE*

In Deportation Proceedings

A–14574024

*Decided by Board April 23, 1969*

The special inquiry officer properly concluded that consideration must be given an advisory report of the Department of State that a grant of adjustment of status to respondent would have an adverse effect on our relations with respondent's Government and on the international training program in which he was admitted as a participant; that the special inquiry officer, upon consideration of all the factors of record, was influenced to deny relief, in the exercise of discretion, because of the information in the report, does not make the denial improper. Balancing the possible harm to the training program, if respondent is granted adjustment of status, with the possible hardship to him and his citizen wife, if he is denied such relief, the national interest requires that his application for adjustment of status be denied.

CHARGE:

Order: Act of 1952—Section 241(a)(9)* [8 U.S.C. 1251(a)(9)]—Nonimmigrant—failed to comply with conditions of nonimmigrant status.

ON BEAHLF OF RESPONDENT:
Jack Wasserman, Esquire
Warner Building
Washington, D.C. 20004

Lloyd A. Tasoff, Esquire
408 South Spring Street
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Ralph Farb
Appellate Trial Attorney

The special inquiry officer found respondent deportable on the ground stated in the caption. Voluntary departure was granted. Provision was made for respondent's deportation to Switzerland, and in the alternative to Formosa, if he failed to depart voluntarily. Respondent's other applications were denied. Appeal is from the denials. Deportability is not in issue. The appeal will be dismissed.

The facts have been stated in great detail in previous orders of

236

the special inquiry officer and the Board. Briefly, respondent, a 37-year-old married male, a native and citizen of the Republic of China on Formosa was admitted on August 5, 1964 to take part in a United States program of military training. When he finished his training, his government ordered him to return to Formosa. He did not comply because he had met a United States citizen with whom he was in love. He married her on April 15, 1965 and tendered his resignation from military service. Having received no answer, he presumes he is considered a deserter.

Respondent applied for adjustment of status. The special inquiry officer granted the application. He did not think the record was ripe for a decision. He pointed out that he had acted on the application only because the parties, particularly the Service, pressed for a decision on the basis of the record before him; that an unfavorable attitude by the Department of State might make denial the more appropriate thing; and that he was acting on a record that did not satisfactorily contain the Department's view.

The Service appealed. It presented a Department of State report showing that the Department believed that a grant of adjustment would harm our relations with respondent's government. The Board reopened the hearing so that the new evidence could be made a part of the record.

Reopened hearing was held on September 9, 1968. The special inquiry officer denied respondent's application for adjustment as a matter of discretion. He held that the Department of State report (Ex. R-1) was a factor which had to be considered; that it was advisory only; and that, as a matter of discretion, he would not grant relief here, even though equities existed on respondent's behalf, because of the adverse effect a grant could have on the international training program (pp. 6-8, special inquiry officer's opinion, September 9, 1968).

Counsel contends that the Department of State report was not made by the official authorized to make such reports and, therefore, is not entitled to considerable weight. He believes the special inquiry officer gave it controlling weight and that this was error. He asks that the Board independently determine the effect a grant of permanent residence to respondent would have on foreign relations, that the Board consider the penalty respondent may have to pay for deserting and the fact that his wife will not be able to get permission to accompany him to Formosa. The appellate trial attorney contends the action of the special inquiry officer was proper.

We must dismiss counsel's contentions. The special inquiry of-

ficer's opinion capably answers them. The special inquiry officer properly held that the report of the Department of State and the supporting reason for it must be considered. His opinion clearly shows that he did not believe the report prevented him from exercising his discretion, and that he considered all the factors of record, favorable or unfavorable, in reaching his decision. That the special inquiry officer was influenced to deny relief because of the information in the report, does not make the denial improper. The grant of relief is discretionary. Respondent has the burden of establishing that relief should be granted. He has not carried his burden. The record indicates that a domestic program for training foreign armed forces may suffer if participants, from whose return the foreign government hopes to benefit, were permitted to remain in the United States. Respondent has presented no evidence that the concern is groundless. The harm the program may suffer is a matter of concern to the agency with a special competence in the matter. The concern is an understandable one and must be taken into consideration in passing on the application. Balancing the possible harm to the training program, if respondent is granted an adjustment of status, with the possible hardship to respondent and to his citizen wife, if he is refused relief, we conclude that the national interest does require that his application for adjustment of status be denied. It is a serious matter to separate families and we do not do so lightly. We have carefully examined the record and all of counsel's contentions. We have carefully weighed all the factors which must be taken into consideration in deciding the application. Our decision that the application should be denied is reluctantly made, but we think it is the proper one under the circumstances. It should be clear that neither our decision nor the special inquiry officer's was made in the belief that the State Department report deprived the Attorney General of freedom of action in deciding the application, *Cheng Fu Sheng* v. *I.N.S.*, 400 F.2d 678 (9 Cir., 1968). See *Secretary of Defense* v. *Le Khac Bong*, Civil #21,819 (D.C. Cir., March 3, 1969); *Hosseinmardi* v. *I.N.S.*, 405 F.2d 25 (9 Cir., 1969); *Matter of Yousef*, 11 I. & N. Dec. 163 (BIA, 1965).

Counsel contends that if respondent is returned to Formosa, he will face persecution of the nature which would bring him within the provisions of section 243(h) of the Act. The lucid and detailed presentation by the special inquiry officer satisfactorily deals with the issue (pp. 8–11, special inquiry officer's opinion, September 9, 1968). The special inquiry officer has properly found that respondent has failed to establish he would be faced

with more than a court martial and a possible prison sentence for his desertion. The special inquiry officer properly found that such a result is not the persecution with which section 243(h) is concerned, *Cheng Fu Sheng v. I.N.S., supra*; *Uupicich v. Esperdy*, 319 F.2d 773 (2 Cir., 1963), cert. denied 376 U.S. 933; *Chao—Ling Wang v. Pilliod*, 285 F.2d 517, 520 (7 Cir., 1960); *Matter of Liao*, 11 I. & N. Dec. 113.

We have considered the citation of authority presented on respondent's behalf but do not find them apposite.

Respondent is being permitted to depart voluntarily to any country of his choice instead of being returned to the Republic of China. This grant of voluntary departure, although undoubtedly unsatisfactory to all the parties concerned, appears to be justified in view of respondent's claim that his wife will not go to Formosa with him.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.