Joseph **MUSKARDIN**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 687, Docket 32568.

United States Court of Appeals
Second Circuit.

Argued July 23, 1969.

Decided Sept. 12, 1969.

Edith Lowenstein, New York City, for petitioner.

Daniel Riesel, Sp. Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, on the brief), for respondent.

Before WATERMAN and HAYS, Circuit Judges, and BARTELS, District Judge.*

HAYS, Circuit Judge:

Joseph Muskardin seeks review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of a Special Inquiry Officer directing petitioner's deportation to Italy or, if that country refuses to accept him, to Yugoslavia. Petitioner, however, was granted the privilege of voluntary departure.

Muskardin is a native and citizen of Yugoslavia. He entered the United States on April 22, 1963 as a crewman admitted for the period that his ship remained in port, but not more than twenty-nine days, under the provisions of Section 252 of the Immigration and Nationality Act, 8 U.S.C. § 1282. He deserted from his ship and remained at large in this country until he was apprehended by officers of the Immigration and Naturalization Service in September 1965.

Deportation proceedings were instituted under Section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2). Muskardin was given a hearing before a Special Inquiry Officer. He was represented by counsel at the hearing. He did not contest the allegations made against him and conceded that he was deportable. The Special Inquiry Officer ordered Muskardin deported to Italy, or if that country refused to accept him, to Yugoslavia. Muskardin was granted the privilege of voluntary departure.

Muskardin did not leave the country but instead on January 25, 1966 moved to reopen his deportation proceedings. The proceedings were reopened and another hearing was held beginning on October 13, 1966. At this hearing Muskardin sought permission to remain in this country under Section 243(h) of the Act, 8 U.S.C. § 1253(h), claiming that he would be subjected to persecution if he were to return to Yugoslavia.

Muskardin testified at the second hearing that he was raised on a farm in Yugoslavia, that neither he nor his parents had taken any part in politics, that he had never been in any trouble with the government or the police in Yugoslavia and that he had never expressed any opposition to the Yugoslavian government. However, he stated that as a Catholic he disliked Communism as practised in Yugoslavia.

A former Yugoslav lawyer, called by Muskardin as an expert witness, testified as to two provisions of the Yugoslav code under which he said Muskardin could be prosecuted. He expressed the opinion that Muskardin would be persecuted if he was returned to Yugoslavia.

The Special Inquiry Officer denied Muskardin's application for a stay of deportation under Section 243(h). Muskardin appealed to the Board of Immigration Appeals which dismissed the appeal. Muskardin then filed the present petition for review.

Section 243(h) of the Act provides: "The Attorney General is authorized to withhold deportation of any alien within the United States to any country in which in his opinion the alien would be subject to persecution on account of race, religion, or political opinion and for such a period of time as he deems to be necessary for such reason."

■ The statute gives the Special Inquiry Officer to whom the Attorney General has delegated his statutory functions a very broad discretion. The scope of review in this court is extremely narrow.

"[T]he withholding of deportation in cases where the alien fears persecution rests wholly in the administrative judgment and 'opinion' of the Attorney General or his delegate." United States ex rel. Dolenz v. Shaughnessy, 206 F.2d 392 (2 Cir. 1953).

We cannot substitute our judgment for that of the Special Inquiry Officer. We are limited to the single issue of whether there has been an abuse of discretion.

* Of the Eastern District of New York, sitting by designation.

"That our scope of review on this issue is limited to determining whether the Attorney General's delegate was arbitrary or capricious is too well settled to require extended discussion." Zupicich v. Esperdy, 319 F.2d 773, 774 (2d Cir. 1963).

In Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715 (2d Cir. 1966), Judge Friendly, speaking for a panel of the court, sought to formulate a more specific definition of an abuse of discretion under the Act. He said at p. 719 that a determination of the Attorney General or his delegate would constitute an abuse of discretion only "if it were made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as an invidious discrimination against a particular race or group."

See also Vardjan v. Esperdy, 197 F. Supp. 931 (S.D.N.Y.1961), aff'd on the opinion below, 303 F.2d 279 (2d Cir. 1962); Hosseinmardi v. Immigration and Naturalization Service, 405 F.2d 25 (9th Cir. 1968); Kasravi v. Immigration and Naturalization Service, 400 F.2d 675 (9th Cir. 1968).

There have been a number of cases involving Section 243(h) where courts have declined to reverse the determination of the Attorney General's delegate although the evidence in favor of the alien was markedly stronger than is the evidence adduced by Muskardin. See, e. g., Soric v. Immigration and Naturalization Service, 346 F.2d 360 (7th Cir.), cert. granted, vacated and remanded on other grounds, 382 U.S. 285, 86 S.Ct. 432, 15 L.Ed.2d 330 (1965), where the alien had been convicted *in absentia* by a Yugoslav court of illicit dealing in foreign commerce and currency and was subject to retrial if he returned to Yugoslavia; Zupicich v. Esperdy, *supra*, where the alien while still in Yugoslavia had expressed his dislike of the Communists in conversations with friends; Morin v. Bouchard, 311 F.2d 181 (3rd Cir. 1962), where the alien had been the subject of extensive police surveillance before he left Yugoslavia.

Petitioner argues, however, that the Special Inquiry Officer abused his discretion by refusing to accept as dispositive the testimony of petitioner's expert witness. While the witness may well have been qualified to express an opinion on the substantive law of Yugoslavia, there was nothing in the record to indicate that, having left Yugoslavia in 1940, he has any particular knowledge of the administration and application of Yugoslav law at the present time. As the Special Inquiry Officer pointed out, the witness was unable to cite any cases where there were actual convictions under the statutory provisions to which he referred.

Petitioner refers to the United Nations Convention Relating to the Status of Refugees, but apparently only for the purpose of drawing attention to what he claims is a "liberalization" of the Congressional attitude toward those who claim to fear return to a country where they might be persecuted. This factor may well have been a proper consideration in guiding the discretion of the Special Inquiry Officer. It provides no ground for our reversal of his exercise of discretion.

Petition denied.