GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

BEAUMONT GEREAU, ISHMAEL LA BEET, WARREN BALLENTINE, MERAL SMITH, and RAPHAEL JOSEPH, Defendants

Crim. No. 97-1972

District Court of the Virgin Islands

Div. of St. Croix

August 8, 10 and 11, 1973

JULIO BRADY, ESQ., United States Attorney, Christiansted, St. Croix, V.I., *for plaintiff*

MARIO N. DECHABERT, ESQ., Christiansted, St. Croix, V.I., *for defendant Gereau*

WILLIAM M. KUNSTLER, ESQ., New York, N.Y., *for defendant Gereau*

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for defendant La Beet*

CHAUNCEY ESKRIDGE, ESQ., Chicago, Illinois, *for defendant La Beet*

LEROY MERCER, ESQ., Christiansted, St. Croix, V.I., *for defendant Ballentine*

MARGARET L. RATNER, ESQ., New York, N.Y., *for defendant Ballentine*

LEROY MERCER, ESQ., Christiansted, St. Croix, V.I., *for defendant Smith*

RONALD T. MITCHELL, ESQ., St. Thomas, V.I., *for defendant Joseph*

YOUNG, *District Judge*

### MOTION TO DISCHARGE THE JURY AND DECLARE A MISTRIAL

Upon all of the proceedings heretofore had herein, Defendants, by their attorneys, respectfully move this Court for orders discharging the jury herein and declaring a mistrial on the grounds that:

1. The said jury has been deliberating from approximately 12 Noon on Saturday, August 4, 1973, to the date and time of the filing of the within motion, which is 2:15 p.m. on Wednesday, August 8, 1973, without being able to reach any verdicts herein;

2. The foreman of said jury informed the Court by a written communication on its behalf, dated August 6, 1973, which said communication was received at approximately 4:45 p.m. thereon, that it did not appear that any unanimous verdicts could be agreed upon; and

3. Further deliberations would, therefore, be a useless and oppressive act as well as a denial of due process of law as guaranteed to these Defendants by the Fifth and Fourteenth Amendments to the Constitution of the United States, and constitute cruel and unusual punishment thereof, as prohibited by the Eighth Amendment of the Constitution of the United States.

Furthermore, Defendants ask this Court for such other and further relief as may be just and proper in the premises.

120

■ The defendants, this 8th day of August, 1973, at 2:15 p.m., by their six attorneys, have filed a Motion to Discharge the Jury and Declare a Mistrial. I have reviewed the Motion and the grounds stated in support of the Motion. I am DENYING the Motion for the following reasons:

1. Paragraph 1 of the Motion is inaccurate. The jury deliberation times have been as follows:

<table>
<tr><td>(a)</td><td>Saturday, August 4, 1973<br>2:00 p.m. to 5:00 p.m.</td><td>3 hours</td></tr>
<tr><td>(b)</td><td>Sunday, August 5, 1973<br>2:00 p.m. to 5:00 p.m.</td><td>3 hours</td></tr>
<tr><td>(c)</td><td>Monday, August 6, 1973<br>9:00 a.m. to 12:00 p.m.<br>1:30 p.m. to 5:00 p.m.</td><td>6 1/2 hours</td></tr>
<tr><td>(d)</td><td>Tuesday, August 7, 1973<br>9:00 a.m. to 12:00 p.m.<br>1:30 p.m. to 5:00 p.m.</td><td>6 1/2 hours</td></tr>
<tr><td>(e)</td><td>Wednesday, August 8, 1973<br>8:30 a.m. to 12:00 p.m.<br>1:30 p.m. to the present<br>time, which is 3:30 p.m.</td><td>5 1/2 hours</td></tr>
<tr><td></td><td></td><td>24 1/2 hours</td></tr>
</table>

From the foregoing, it is obvious that the jury deliberations totalling only 24 1/2 hours have been conducted in a reasonable manner. The jury is not required to deliberate after 5:00 p.m. Those who wished to go to church were permitted to attend church services Sunday morning and there have been several breaks in the jury deliberations while doctors have been examining certain patients (jurors) who have indicated various illnesses.

2. The second paragraph of the Motion is inaccurate. The foreman of the jury did not inform the Court "that it did not appear that any unanimous verdicts could be agreed upon."

3. The third paragraph of the Motion makes the argument that further deliberations would be useless and oppressive and a denial of due process and would constitute cruel and unusual punishment. I disagree with such argument. To the contrary, I do not feel that deliberations are useless nor are they oppressive.

### ORDER

██ The defendants, this 10th day of August, 1973, at 12:30 p.m., by their six attorneys, have renewed their Motion of August 8 to Discharge the Jury and Declare a Mistrial. In addition to the grounds raised in the earlier Motion, they advance the following two reasons: (1) that the jury has deliberated since the Motion of August 8 for two more days without agreement; and (2) that rumors of a Government investigation of juror perjury have been widely circulated, notably by the broadcast(s) of a local radio station. With regard to this second new ground, the defendants further move for an adversary evidentiary hearing into the rumors' origins, and for an immediate direction to law enforcement agencies to reveal whether any investigation has occurred, and, if so, to cease and desist therefrom. I have given most careful consideration to the additional grounds raised. I am DENYING the Motion in all respects for the reasons contained in my Order of August 8 denying the defense Motion of that date, and for the additional reasons expressed below:

(1) Since my Order of August 8, the jury has not informed the Court that any impasse has been reached.

(2) The additional deliberations which the jury has conducted have not been oppressive. In fact, as of the time of

122

this Order (4:00 p.m.), the jury had deliberated only an additional 14 1/2 hours above the times noted in my Order of August 8. The total deliberation time, to date, 39 1/2 hours, is not an unreasonable period for a case of this magnitude and complexity.

(3) With regard to the alleged investigations into juror perjury, I may point out that such an investigation, by the F.B.I. or by any other agency or agencies, is not misconduct per se, but may, in fact, be permissible under many circumstances.

(4) There is no allegation that any rumors of the alleged investigations have reached the ears of the jurors, who have been rigidly sequestered during their deliberations.

(5) If there are one or more verdicts adverse to the defense, then the defendants will have the opportunity, after the discharge of the jury, to apply to the Court, pursuant to my Order of this date, for permission to interrogate jurors, under conditions to be specified by the Court, as to any possible intimidation of jurors during their sequestered deliberations.

IT IS FURTHER ORDERED that the defense attorneys' oral request of this date for a hearing on this Motion is DENIED within the sound discretion of the Court.

ORDER

■ At a later hour (approximately 5:00 p.m.) on August 10, 1973, defendants, by their six attorneys, filed a written motion for a hearing instanter on their earlier written motion filed the same date to discharge the jury and grant a mistrial. I denied that motion by written Order on that same day. In their latest motion, the defendants urge two additional reasons in support of their motion to discharge the jury and declare a mistrial: (1) that the communication from the jury on August 5 indicates that

123

the jury has been hopelessly deadlocked since that date; and (2) that "fatigue, discomfort, frustration, attrition [sic], and harangue [sic]" among the jurors threaten a "tragic miscarriage of justice." The defense further moves the Court "to inquire of the foreman instanter" in the presence of counsel as to whether the jury is still fruitfully deliberating. Finally, the defense moves for an immediate unequivocal instruction that it may at any time announce to the Court its inability to reach a verdict. I have given these new contentions thoughtful attention and believe that they can be easily disposed of without hearing, for the following reasons:

1. First, I do not believe that the communication from the jury on August 5 indicates that they were hopelessly deadlocked at that time; the communication received from them on August 9 indicates to me that they were still actively discussing the evidence at that time. Furthermore, even if a jury does report a deadlock, its deliberations may be extended within the discretion of the trial judge. E.g., United States v. Cagle, 448 F.2d 644 (5th Cir. 1971), cert. denied, 405 U.S. 976.

2. My reasons why I do not believe that the jury deliberations have been oppressive have been fully expressed in my Orders of August 8th and 10th. I might add, however, that the jurors have been well fed and housed and I do not believe they are suffering "fatigue" or "discomfort."

3. With regard to the request that the jury foreman alone be singled out from the jury and interrogated instanter, I believe that, far from being "mandatory" as the defendants urge, this would be clear error. Communications between judge and jurors must be made in the presence of the entire jury. E.g., Beaty v. United States, 213 F.2d 712 (4th Cir. 1954), vacated on other grounds, 348 U.S. 905. Furthermore, any affirmative inquiry by the Court into the likelihood of a verdict, with the possibility that the numerical standing of the jurors will be revealed, is

fraught with danger. See United States v. Mack, 249 F.2d 321 (7th Cir. 1958), cert. denied, 356 U.S. 920. In any event, such an inquiry is wholly within my discretion. See, e.g., United States v. Pope, 415 F.2d 865 (8th Cir. 1969), cert. denied, 397 U.S. 950.

4. With regard to the demand for a supplemental instruction, I remind the defendants that the precise instruction they seek was given to the jury in response to their communication of August 5. I have every reason to believe that if the jury should at some point become hopelessly deadlocked, this fact will be promptly communicated to the Court by the normal procedure heretofore established.

Therefore, the Motions of the defendants are DENIED in all respects.

The defendants' Motion for a "hearing instanter" is likewise DENIED within my sound discretion.

I will, however, hold an in-chambers meeting this morning (August 11, 1973) at 10:00 a.m. with all attorneys present. This meeting is granted in response to Mr. Kunstler's statement that the defense team has some additional information regarding the jury that should be discussed with the Court and also that the defense attorneys wish to place of record their objection to my denial of their request for oral argument on their motions filed August 10.

The meeting at 10:00 a.m., August 11, will be confined to the subject matter expressed in the foregoing paragraphs. The Court will hear no argument on the motions filed by defendants. The defense attorneys may, however, state to the Court, for the record, their objections and their grounds in support thereof to this Order and to any of my previous Orders.

ORDER ON POST-TRIAL CONTACT WITH JURORS

It is hereby ORDERED that upon termination of jury deliberations in this case, neither attorneys, parties, nor anyone acting for them or on their behalf shall interrogate

or otherwise converse with jurors without permission of the Court. A request to interrogate jurors shall be in writing and shall allege a basis which is a proper subject of inquiry and which, if proved, would contribute to a reversal of the verdict, or justify other legal proceedings. The Court shall, on appropriate notice, conduct such proceedings as are deemed necessary to determine whether the request shall be granted. If the request is granted, the Court shall determine the form the interrogation shall take.